**KESSLER TOPAZ MELTZER
    & CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
(jjoost@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:    (415) 400-3000
Fax:    (415) 400-3001

*Counsel for Sjunde AP-Fonden and Proposed
Lead Counsel for the Class*

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| VICTOR W. MANGINO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LUCID GROUP, INC., PETER RAWLINSON, and SHERRY HOUSE,<br><br>Defendants. | Case No. 3:22-cv-02094-JD<br><br>**NOTICE OF MOTION AND MOTION OF SJUNDE AP-FONDEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>CLASS ACTION</u><br><br>Date:    July 7, 2022<br>Time:    10:00 a.m.<br>Dept.:   Courtroom 11, 19th Floor<br>Judge:   Hon. James Donato |
| ANANT GOEL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LUCID GROUP, INC., PETER RAWLINSON, and SHERRY HOUSE,<br><br>Defendants. | Case No. 3:22-cv-03176 |

NOTICE OF MOTION AND MOTION OF SJUNDE AP-FONDEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NOS. 3:22-CV-02094-JD, *ET AL.*

## TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ........................................................................................ 1

STATEMENT OF ISSUES ....................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................... 2

I.      PRELIMINARY STATEMENT ....................................................................................2

II.     FACTUAL BACKGROUND.........................................................................................3

III.    ARGUMENT ...........................................................................................................4

        A.      The Related Actions Should Be Consolidated..........................................4

        B.      AP7 Should Be Appointed Lead Plaintiff.................................................5

                1.      AP7's Motion Is Timely ................................................................6

                2.      AP7 Has the Largest Financial Interest .........................................6

                3.      AP7 Satisfies the Relevant Requirements of Rule 23...................7

                        a.      AP7 Is Typical ...................................................................7

                        b.      AP7 Is Adequate ................................................................7

        C.      AP7's Selection of Counsel Should Be Approved ...................................9

IV.     CONCLUSION.......................................................................................................10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Cavanaugh v. U.S. Dist. Ct. for N. Dist. of Cal.*,
    306 F.3d 726 (9th Cir. 2002) ....................................................................................... *passim*

*Cohen v. U. S. Dist. Ct. for N. Dist. of Cal.*,
    586 F.3d 703 (9th Cir. 2009) ................................................................................................9

*Glauser v. EVCI Career Colls. Holding Corp.*,
    236 F.R.D. 184 (S.D.N.Y. 2006) .....................................................................................8, 9

*Hessefort v. Super Micro Comput., Inc.*,
    317 F. Supp. 3d 1056 (N.D. Cal. 2018) ..........................................................................5, 7, 8

**Statutes**

15 U.S.C. § 78u-4(a) .......................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a) ..............................................................................................................7

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 .............................3, 8

S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679....................................................8

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that at 10:00 a.m. on July 7, 2022, or on a date and at a time set by the Court, before the Honorable James Donato, at the United States District Court for the Northern District of California, located at the San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San Francisco, California, 94102, Sjunde AP-Fonden ("AP7") will respectfully move this Court for entry of an Order for: (1) consolidation of the above-captioned actions (the "Related Actions") pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)"); (2) appointment of AP7 as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (3) approval of AP7's selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") to serve as Lead Counsel for the class.

This Motion is made on the grounds that AP7 believes it is the "most adequate plaintiff" under the PSLRA and is therefore entitled to be appointed Lead Plaintiff. Specifically, AP7 believes that it has the "largest financial interest" in the relief sought by the class in this action by virtue of, among other things, its significant investments in the common stock of Lucid Group, Inc. ("Lucid" or the "Company"). AP7 also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of other class members' claims and because it will fairly and adequately represent the interests of the class. In addition, AP7 has selected and retained Kessler Topaz, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

In support of this Motion, AP7 submits the accompanying Memorandum of Points and Authorities and the Declaration of Jennifer L. Joost (the "Joost Decl.").

## STATEMENT OF ISSUES

1.    Whether the Related Actions should be consolidated pursuant to Rule 42(a).

2.    Whether AP7 is the "most adequate plaintiff" and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

NOTICE OF MOTION AND MOTION OF SJUNDE AP-FONDEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NOS. 3:22-CV-02094-JD, ET AL.                                                                          1

3.      Whether to approve AP7's selection of counsel, Kessler Topaz, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

<b><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></b>

AP7, by and through its counsel, respectfully submits this Memorandum of Points and Authorities in support of its Motion for: (1) consolidation of the Related Actions pursuant to Rule 42(a); (2) appointment of AP7 as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B); and (3) approval of AP7's selection of Kessler Topaz as Lead Counsel for the class.

## I.      PRELIMINARY STATEMENT

The Related Actions are securities class actions brought under Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5, promulgated thereunder (17 C.F.R. § 240.10b-5), against Lucid and certain of its executive officers (collectively, "Defendants").  The Related Actions are brought on behalf of all persons who purchased Lucid common stock or call options, and/or sold Lucid put options, between November 15, 2021, and February 28, 2022, inclusive (the "Class Period").  As detailed below, the Related Actions involve common issues of law and fact and should be consolidated pursuant to Rule 42(a). *See infra*, Section III.A.

After consolidation, the PSLRA allows any member of the purported class to move for appointment as lead plaintiff and sets forth the process for determining which movant is the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(A)-(B); *Cavanaugh v. U.S. Dist. Ct. for N. Dist. of Cal.*, 306 F.3d 726, 729-30 (9th Cir. 2002).  Under the PSLRA, the Court must appoint as lead plaintiff the movant that: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest in the litigation; and (3) otherwise satisfies the relevant requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

AP7 respectfully submits that it is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff.  AP7's Motion is timely and its losses of approximately $15,522,103 in connection with its transactions in Lucid common stock during the

Class Period represent the largest known financial interest in the relief sought by the class. *See* Joost Decl., Exs. A-B. In addition to asserting the largest financial interest, AP7 easily satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the class and because it will fairly and adequately represent the class.

Moreover, as an institutional investor with approximately $100 billion in assets under management and substantial experience serving as a lead plaintiff in several high-profile securities class actions across the United States, AP7 is exactly the type of plaintiff that Congress envisioned would serve as lead plaintiff under the PSLRA. Therefore, AP7's appointment would fulfill a critical legislative purpose. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Indeed, AP7 has recovered hundreds of millions of dollars on behalf injured investors as a lead plaintiff and class representative in securities class actions proceeding under the PSLRA in the last decade. *See infra* Section III.B.3.b.

Lastly, AP7 has retained experienced and competent counsel to represent the class. As the "most adequate plaintiff" under the PSLRA, AP7's selection of Kessler Topaz as Lead Counsel for the class should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("[T]he [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.") (citations omitted). Kessler Topaz has an extensive history of prosecuting complex actions under the PSLRA. Thus, the class can be assured of zealous representation if AP7's selection of Kessler Topaz as Lead Counsel is approved.

## II.      FACTUAL BACKGROUND

Lucid, a Delaware corporation with principal executive offices in Newark, California, designs, manufactures, and markets luxury electric vehicles. The Related Actions allege that, during the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts, about the Company's business, operations, and prospects. Specifically, Defendants overstated Lucid's production capabilities while concealing

that "extraordinary supply chain and logistics challenges" were hampering the Company's operations.

Investors began to learn the truth on February 28, 2022, when Lucid announced that it had delivered only approximately 125 vehicles in 2021 and produced just approximately 400 vehicles to date, thereby failing to meet its 2021 production target of 577 vehicles. In addition, the Company revised its 2022 production outlook downwards from 20,000 vehicles to a range of between 12,000 and 14,000 vehicles, citing "extraordinary supply chain and logistics challenges." During an earnings conference call, Defendants further conceded that the Company's "production has been and indeed continues to be impacted by supply chain challenges," and that "[i]n some cases, the pandemic meant that our teams could not visit our suppliers in person to ensure alignment on engineering specifications and tooling." In addition, Defendants revealed that the launch of the Lucid Gravity SUV had been delayed from 2023 to 2024. On this news, the price of Company stock declined $3.99 per share, or more than 13%, from a close of $28.98 per share on February 28, 2022, to close at $24.99 per share on March 1, 2022.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Exchange Act] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Here, there are at least two related securities class actions asserting claims under the federal securities laws on behalf of investors:

| Case Caption | Date Filed | Claims/Class Period |
|---|---|---|
| *Mangino v. Lucid Group, Inc., et al.*, 3:22-cv-02094-JD (N.D. Cal.) | April 1, 2022 | Sections 10(b) and 20(a) of the Exchange Act; November 15, 2021, through February 28, 2022 |

| *Goel v. Lucid Group, Inc., et al.,* No. 3:22-cv-03176 (N.D. Cal.) | May 31, 2022 | Sections 10(b) and 20(a) of the Exchange Act; November 15, 2021, through February 28, 2022 |
|---|---|---|

Consolidation is appropriate under Rule 42(a) where the actions involve "a common question of law or fact." *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) (quoting Fed. R. Civ. P. 42(a)). Here, the Related Actions assert identical claims under the Exchange Act against identical defendants, across identical class periods, on behalf of overlapping investor classes, and concerning the same conduct. Accordingly, consolidation is appropriate. *See id.*

### B. AP7 Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i); *see also Cavanaugh*, 306 F.3d at 729 (discussing the process for selecting a lead plaintiff under the PSLRA).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *Id*. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the movant that the court determines to be most capable of adequately representing the interests of class members. *See id*. § 78u-4(a)(3)(B)(i); *see also Cavanaugh*, 306 F.3d at 729-32. In selecting the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the movant that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, AP7 is the "most adequate plaintiff" because it: (1) timely moved for appointment as Lead Plaintiff; (2) possesses the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this Motion. *Id.*

### 1.    AP7's Motion Is Timely

The PSLRA allows any member of the class to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, in connection with the filing of the first of the Related Actions, notice was published in *GlobeNewswire* on April 1, 2022, alerting investors to the pendency of the action and informing them of the May 31, 2022 deadline to seek appointment as Lead Plaintiff. *See* Joost Decl., Ex. C; *Mangino v. Lucid Group, Inc., et al.*, 3:22-cv-02094-JD (N.D. Cal. Apr. 18, 2022), ECF No. 7. Accordingly, AP7 has timely moved for appointment as Lead Plaintiff.

### 2.    AP7 Has the Largest Financial Interest

The PSLRA presumes that the movant asserting the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 is the most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 729-32. Here, AP7 suffered losses of approximately $15,522,103 in connection with its Class Period transactions in Lucid common stock. *See* Joost Decl., Exs. A-B. To the best of AP7's knowledge, there are no other lead plaintiff movants asserting a larger financial interest in this litigation. Accordingly, AP7 has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**3.     AP7 Satisfies the Relevant Requirements of Rule 23**

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy.    15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

Rule 23 provides that a party may serve as a class representative if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  However, at this stage of litigation, a presumptive lead plaintiff need only make "a prima facie showing of typicality and adequacy." *Cavanaugh*, 306 F.3d at 731.

**a.     AP7 Is Typical**

The typicality requirement is satisfied where "other [class] members have the same or similar injury," "the action is based on conduct which is not unique to the named plaintiffs," and "other class members have been injured by the same course of conduct." *Super Micro Comput.*, 317 F. Supp. 3d at 1061 (citation omitted).  AP7 satisfies the typicality requirement because, just like all other proposed class members, AP7 seeks recovery for the losses on its investments in Lucid common stock that it incurred as a result of Defendants' misrepresentations and omissions. Thus, AP7's claims arise from the same conduct as those of the other class members and AP7 satisfies Rule 23's typicality requirement.

**b.     AP7 Is Adequate**

The adequacy element of Rule 23 requires that the Lead Plaintiff "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  Thus, the adequacy element is satisfied

where: "the class representative[s] and [their] counsel [do not] have any conflicts of interest with other class members" and "the class representative[s] and [their] counsel will prosecute the action vigorously on behalf of the class." *Super Micro Comput.*, 317 F. Supp. 3d at 1061 (citation and internal quotation marks omitted).

Here, AP7 is adequate because its interest in aggressively pursuing claims against Defendants is aligned with the interests of other class members who were similarly harmed as a result of Defendants' false and/or misleading statements. There is no antagonism or potential conflict between AP7's interests and those of the other members of the class, and AP7 is fully committed to vigorously pursuing the claims on behalf of the class. Moreover, as set forth in AP7's PSLRA certification, AP7 has affirmatively demonstrated its willingness to pursue this litigation for the benefit of the class. *See* Joost Decl., Ex. A.

Further, AP7 has demonstrated its adequacy through its selection of Kessler Topaz to serve as Lead Counsel for the class. As discussed more fully below, Kessler Topaz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex actions in an efficient, effective, and professional manner. Indeed, Kessler Topaz has already demonstrated its commitment to the class by researching and filing the initial complaint in this litigation and continuing to develop the class's claims after the complaint was filed.

In addition to satisfying the typicality and adequacy requirements of Rule 23, AP7—as a sophisticated institutional investor with approximately $100 billion in assets under management—is also the prototypical investor Congress sought to encourage to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34, *reprinted in* 1995 U.S.C.C.A.N. at 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); S. Rep. No. 104-98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("The committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs[.]"); *Glauser v. EVCI Career Colls. Holding Corp.*, 236

F.R.D. 184, 188 (S.D.N.Y. 2006) ("[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one.") (citations omitted).

Moreover, AP7 has significant prior experience serving as a lead plaintiff under the PSLRA and has recovered hundreds of millions of dollars for investors. *See In re Luckin Coffee Inc. Sec. Litig.*, No. 1:20-cv-01293-JPC (S.D.N.Y.) ($175 million recovery, preliminarily approved); *In re JPMorgan Chase & Co. Sec. Litig.*, No. 1:12-cv-03852-GBD (S.D.N.Y.) ($150 million recovery); *United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 v. Ocwen Fin. Corp.*, No. 9:14-cv-81057-WPD (S.D. Fla.) ($56 million recovery); *La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-cv-00289-WKS (D. Vt.) ($36.5 million recovery); *Monk v. Johnson & Johnson*, No. 3:10-cv-04841-FLW-DEA (D.N.J.) ($23 million recovery).

### C.    AP7's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("[T]he [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.") (citations omitted). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See Cohen v. U. S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citations omitted).

Here, AP7 has selected and retained Kessler Topaz to serve as Lead Counsel for the class. Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Joost Decl., Ex. D. The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA)*

*Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery).  Kessler Topaz is also currently serving as lead or co-lead counsel in several high profile securities class actions across the country, including several actions where AP7 is currently serving as a lead plaintiff: *Sjunde AP-Fonden v. Goldman Sachs Group, Inc.,* No. 18-cv-12084 (VSB) (S.D.N.Y.); *In re Kraft Heinz Securities Litigation*, No. 19-cv-1339 (RMD) (N.D. Ill.); and *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA.  Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—one of just thirteen securities class actions at the time to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct). The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr.  *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve AP7's selection of Kessler Topaz as Lead Counsel for the class.

**IV.    CONCLUSION**

For the reasons discussed above, AP7 respectfully requests that the Court consolidate the Related Actions, appoint AP7 as Lead Plaintiff, approve AP7's selection of Kessler Topaz as Lead Counsel for the class, and grant any such further relief as the Court may deem just and proper.

Dated:  May 31, 2022

Respectfully submitted,

**KESSLER TOPAZ MELTZER**
**& CHECK, LLP**

*/s/ Jennifer L. Joost*
JENNIFER L. JOOST (Bar No. 296164)
(jjoost@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:    (415) 400-3000
Fax:    (415) 400-3001

-and-

NAUMON A. AMJED
(namjed@ktmc.com)
DARREN J. CHECK
(dcheck@ktmc.com)
RYAN T. DEGNAN
(rdegnan@ktmc.com)
KARISSA J. SAUDER
(ksauder@ktmc.com)
280 King of Prussia Road
Radnor, PA 19087
Tel:    (610) 667-7706
Fax:    (610) 667-7056

*Counsel for Sjunde AP-Fonden and*
*Proposed Lead Counsel for the Class*