**KESSLER TOPAZ MELTZER**
    **& CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
(jjoost@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:     (415) 400-3000
Fax:     (415) 400-3001

*Counsel for Sjunde AP-Fonden and Proposed*
*Lead Counsel for the Class*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| VICTOR W. MANGINO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> LUCID GROUP, INC., PETER RAWLINSON, and SHERRY HOUSE, <br><br> Defendants. | Case No. 3:22-cv-02094-JD <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE UNOPPOSED MOTION OF SJUNDE AP-FONDEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS** <br><br> CLASS ACTION <br><br> Date:   July 7, 2022 <br> Time:   10:00 a.m. <br> Dept.:   Courtroom 11, 19th Floor <br> Judge: Hon. James Donato |

Caption continues on next page.

ANANT GOEL, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

LUCID GROUP, INC., PETER RAWLINSON, and SHERRY HOUSE,

Defendants.

Case No. 3:22-cv-03176-JD

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE UNOPPOSED MOTION OF SJUNDE AP-FONDEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS
CASE NOS. 3:22-CV-02094-JD, *ET AL.*

**TABLE OF CONTENTS**

**Page**

STATEMENT OF ISSUES ...............................................................................................1

STATEMENT OF RELEVANT FACTS .........................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................2

I.      PRELIMINARY STATEMENT ........................................................................2

II.     ARGUMENT......................................................................................................3

        A.      The Related Actions Should Be Consolidated...........................................3

        B.      AP7's Appointment is Unopposed..............................................................4

                1.      AP7 Has the Largest Financial Interest of Any Movant............................4

                2.      AP7 Satisfies the Relevant Requirements of Rule 23.................................5

        C.      AP7's Selection of Counsel Should Be Approved .....................................7

        D.      The Competing Motions Should Be Denied................................................8

III.    CONCLUSION...................................................................................................8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cavanaugh v. U.S. Dist. Court for N. Dist. of Cal.*,
  306 F.3d 726 (9th Cir. 2002) ................................................................................. *passim*

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
  586 F.3d 703 (9th Cir. 2009) ...................................................................................3, 7, 8

*Hedick v. Kraft Heinz Co.*,
  Nos. 19-cv-1339, *et al.*,
  2019 WL 4958238 (N.D. Ill. Oct. 8, 2019)................................................................7

*Hessefort v. Super Micro Comput., Inc.*,
  317 F. Supp. 3d 1056 (N.D. Cal. 2018) ...................................................................3, 6

*Mersho v. U.S. Dist. Court for Dist. of Ariz.*,
  6 F.4th 891 (9th Cir. 2021) ...................................................................................3, 4, 8

*Nicolow v. Hewlett Packard Co.*,
  Nos. 12-05980 CRB, *et al.*,
  2013 WL 792642 (N.D. Cal. Mar. 4, 2013)...........................................................2, 4

*Plaut v. Goldman Sachs Grp., Inc.*,
  No. 18-CV-12084 (VSB),
  2019 WL 4512774 (S.D.N.Y. Sept. 19, 2019)..........................................................7

*Sjunde AP-Fonden v. General Electric Co.*,
  No. 17-CV-8457 (JMF),
  2022 WL 1078460 (S.D.N.Y. Apr. 11, 2022)............................................................7

*Weston v. DocuSign, Inc.*,
  No. 22-cv-00824-WHO,
  2022 WL 1301770 (N.D. Cal. Apr. 18, 2022) .........................................................4, 8

**Statutes**

15 U.S.C. § 78u-4(a) .............................................................................................. *passim*

AP7 respectfully submits this Memorandum of Points and Authorities in further support of its unopposed motion for appointment as Lead Plaintiff (ECF No. 31).[1]

## STATEMENT OF ISSUES

1.    Whether the Related Actions should be consolidated pursuant to Rule 42(a).

2.    Whether AP7 is the "most adequate plaintiff" and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

3.    Whether to approve AP7's selection of counsel, Kessler Topaz, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## STATEMENT OF RELEVANT FACTS

On April 1, 2022, Plaintiff Victor W. Mangino, represented by Kessler Topaz, filed the above-captioned, first-filed securities class action alleging that Defendants violated Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).  That same day, Kessler Topaz published a notice on *GlobeNewswire* alerting investors to the pendency of the action, which, pursuant to the PSLRA, triggered a mandatory sixty-day deadline of May 31, 2022, for class members to seek appointment as Lead Plaintiff.  *See* ECF Nos. 7 & 31; 15 U.S.C. § 78u-4(a)(3)(A)(i).

On May 31, 2022, AP7 timely filed its motion for consolidation of the Related Actions, appointment as Lead Plaintiff, and approval of its selection of Lead Counsel.  ECF No. 31. Motions seeking appointment as Lead Plaintiff were also filed by Anant Goel, Maria Valvi, Loc Thai, Jonathan W. Sanderson, Jongho Kim, and Francis Gwynn.  Other than AP7, every movant has withdrawn their motion or filed a notice of non-opposition without any argument against AP7. *See* ECF Nos. 42, 43, 44, 49, 51, & 52.  Accordingly, AP7's motion is unopposed.

---

[1]    Unless otherwise noted, all references to "ECF No. __" are to docket entries in the first-filed *Mangino* action, all capitalized terms are defined in AP7's opening brief, *see* ECF No. 31, all emphasis is added, and all internal citations and quotation marks are omitted.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PRELIMINARY STATEMENT

AP7 is entitled to appointment as Lead Plaintiff under the PSLRA and Ninth Circuit authority.  AP7 possesses the largest financial interest of any movant and is adequate and typical in all respects.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh v. U.S. Dist. Court for N. Dist. of Cal.*, 306 F.3d 726, 729-30 (9th Cir. 2002) (outlining the PSLRA's "straightforward" lead plaintiff selection process).

***First***, with losses of more than $15.5 million under the LIFO accounting methodology—the methodology overwhelmingly favored by courts for analyzing losses—AP7 unquestionably possesses the largest financial interest in the litigation.  *See Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB, *et al.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("The weight of authority puts the most emphasis on the competing movants' estimated losses using a [LIFO] methodology.").  In fact, AP7's losses are ***more than triple*** all six other movants' losses ***combined***:

| Movant | Losses[2] |
|---|---|
| **AP7 [ECF No. 31]** | **$15,522,103** |
| ~~Anant Goel [ECF No. 14]~~ | ~~$2,832,600~~ |
| ~~Maria Valvi [ECF No. 11]~~ | ~~$541,706~~ |
| ~~Loc Thai [ECF No. 38]~~ | ~~$331,746~~ |
| ~~Jonathan W. Sanderson [ECF No. 24]~~ | ~~$313,618~~ |
| ~~Jongho Kim [ECF No. 8]~~ | ~~$212,626~~ |
| ~~Francis Gwynn [ECF No. 18]~~ | ~~$143,227~~ |

***Second***, in addition to asserting the largest financial interest, AP7 readily satisfies the PSLRA's adequacy and typicality requirements, and is perfectly situated to represent all class members.  AP7, a sophisticated institutional investor that has for more than a decade repeatedly been appointed as lead plaintiff (and certified as a class representative) by courts across the United States.  *See infra* Section II.B.2.  Under AP7's leadership, these cases have resulted in recoveries

---

[2]   The movants' losses are taken from their respective filings.

of more than $830 million for investors. *See id.* There can be no doubt that AP7 will zealously represent the interests of the class here.

***Third***, because there is no "proof" to rebut AP7's presumptive status as the most adequate plaintiff under the PSLRA, AP7 is entitled to appointment as Lead Plaintiff and the competing motions must be denied. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption). As recently reaffirmed by the Ninth Circuit, under "the burden-shifting process Congress established in the PSLRA," any "competing movants must point to ***evidence*** of inadequacy" in order to rebut the presumption. *Mersho v. U.S. Dist. Court for Dist. of Ariz.*, 6 F.4th 891, 901 (9th Cir. 2021); *see also Cavanaugh*, 306 F.3d at 729 n.2 ("[T]he statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); ellipsis in original)). No evidence of AP7's inadequacy exists, and no movant challenges AP7's ability to satisfy the requirements of Rule 23.

***Fourth***, AP7 has selected Kessler Topaz as Lead Counsel for the class. Kessler Topaz is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for injured shareholders. Thus, Kessler Topaz is highly qualified to prosecute this case and should be appointed Lead Counsel for the class. *See Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 709 (9th Cir. 2009) ("The statute expressly provides that lead plaintiff has the power to select lead counsel[.]").

Accordingly, AP7 respectfully requests that the Court grant its motion it its entirety and deny the competing motions.

## II.     ARGUMENT

### A.     The Related Actions Should Be Consolidated

The Related Actions involve "a common question of law or fact" and should be consolidated. *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) (quoting Fed. R. Civ. P. 42(a)). Specifically, the Related Actions assert identical claims under the Exchange Act against identical defendants, across identical class periods, on behalf of

overlapping investor classes, and concerning the same conduct. Accordingly, consolidation is appropriate. *See id.*

**B.    AP7's Appointment is Unopposed**

The PSLRA directs that the movant possessing "the largest financial interest in the relief sought by the class" and who "otherwise satisfies the requirements of Rule 23" is the presumptively most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729 ("While [the PSLRA] contains a number of requirements, it is neither overly complex nor ambiguous . . . ."). The process is sequential and the Court must appoint the presumptively "most adequate plaintiff" unless a competing movant can provide "***proof***" that the movant will not fairly and adequately represent the class or is subject to unique defenses. *Cavanaugh*, 306 F.3d at 729 n.2 (explaining that the "[PSLRA] sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the lead plaintiff" and requires "proof" to rebut the presumption). Because AP7 is the presumptively most adequate plaintiff to represent the class, and no "proof" exists that could rebut that presumption, AP7 is entitled to appointment as Lead Plaintiff. *See Mersho*, 6 F.4th at 902 (the PSLRA requires courts to "articulate how the ***evidence***" presented by competing movants "***proves***" the presumptive lead plaintiff's inadequacy). Here, no movant opposes AP7's appointment.

**1.    AP7 Has the Largest Financial Interest of Any Movant**

Courts in the Ninth Circuit and across the country overwhelmingly look to movants' losses under the LIFO methodology when assessing financial interest under the PSLRA. *See, e.g.*, *Hewlett Packard*, 2013 WL 792642, at *4 (noting that the "weight of authority" assesses financial interest based on movants' LIFO losses); *Weston v. DocuSign, Inc.*, No. 22-cv-00824-WHO, 2022 WL 1301770, at *2 (N.D. Cal. Apr. 18, 2022) ("Most courts within this district use the LIFO method to calculate estimated losses. . . . Mindful of the Ninth Circuit's desire for consistent application, I will do the same.").

Here, AP7's $15.5 million in losses are by far the largest of any movant before the Court. AP7's losses are nearly $12.7 million (or approximately ***450%***) larger than the losses of the movant

with the second largest losses, and more than *250%* larger than all six other movants' ***combined*** losses (nearly $4.4 million).  Based on the competing movants' own filings,[3] it cannot be disputed that AP7 possesses the largest financial interest of any movant before the Court:



### 2.    AP7 Satisfies the Relevant Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, AP7 also satisfies the applicable Rule 23 adequacy and typicality requirements.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Cavanaugh*, 306 F.3d at 731 (explaining that a lead plaintiff movant need only make "a prima facie showing of typicality and adequacy").

As demonstrated in its opening brief, *see generally* ECF No. 31, AP7's claims are typical of the claims of the class.  Like all other class members, AP7: (1) purchased Lucid securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading

---

[3]    *See* ECF No. 15-3 (presenting LIFO losses); ECF No. 11-3 (same); ECF No. 38-5 (same); ECF No. 8-5 (same); ECF No. 24-3 (presenting losses); ECF No. 19-2 (same).

statements and/or omissions; and (3) was damaged thereby. *See Super Micro Comput.*, 317 F. Supp. 3d at 1061.

AP7 also satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Super Micro Comput.*, 317 F. Supp. 3d at 1061 (stating that the adequacy element is satisfied where: "the class representative[s] and [their] counsel [do not] have any conflicts of interest with other class members" and "the class representative[s] and [their] counsel will prosecute the action vigorously on behalf of the class"). AP7's interests are clearly aligned with other members of the class, there is no evidence of any conflicts, and AP7's significant financial interest in this litigation ensures the vigorous prosecution of this litigation through its chosen lead counsel, Kessler Topaz.

Moreover, as a sophisticated institutional investor that oversees approximately $100 billion in assets under management and has a proven record of serving as a lead plaintiff (and class representative) in a number of class actions under the PSLRA across the United States, AP7 has repeatedly demonstrated its ability to successfully prosecute securities class actions. Over the course of more than a decade of leading cases under the PSLRA, AP7 has secured settlements in excess of $830 million for investors as a lead plaintiff and/or a certified class representative. *See In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. H-14-3428 (S.D. Tex.) (AP7 certified as class representative; $389.6 million settlement); *In re Luckin Coffee Inc. Sec. Litig.*, No. 1:20-cv-01293-JPC (S.D.N.Y.) (AP7 appointed as lead plaintiff and certified as class representative; $175 million settlement, preliminarily approved); *In re JPMorgan Chase & Co. Sec. Litig.*, No. 1:12-cv-03852-GBD (S.D.N.Y.) (AP7 appointed as lead plaintiff; $150 million settlement); *United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 v. Ocwen Fin. Corp.*, No. 9:14-cv-81057-WPD (S.D. Fla.) (AP7 appointed as sole lead plaintiff and certified as class representative; $56 million settlement); *La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-cv-00289-WKS (D. Vt.) (AP7 appointed as lead plaintiff and certified as class representative; $36.5 million settlement); *Monk v. Johnson & Johnson*, No. 3:10-cv-04841-FLW-DEA (D.N.J.) (AP7 appointed as sole lead plaintiff; $23 million settlement).

Historical accomplishments aside, courts across the country continue to recognize AP7's commitment to investors and unquestionable qualifications—appointing AP7 as a lead plaintiff and certifying AP7 as a class representative in some of the largest and highest profile securities class actions. For example, AP7 was recently certified as a class representative, after previously being appointed as the sole lead plaintiff, in *Sjunde AP-Fonden v. General Electric Co.*, No. 17-CV-8457 (JMF), 2022 WL 1078460 (S.D.N.Y. Apr. 11, 2022). AP7's recent appointments also include the multi-billion dollar securities class actions against Goldman Sachs and Kraft Heinz. *See Plaut v. Goldman Sachs Grp., Inc.*, No. 18-CV-12084 (VSB), 2019 WL 4512774, at *7 (S.D.N.Y. Sept. 19, 2019) (appointing AP7 sole lead plaintiff, stating that "AP7 is the presumptive lead plaintiff and no other movants have rebutted that presumption," in investors' action based on the 1Malaysia Development Bhd. ("1MDB") scandal; class certification currently pending); *Hedick v. Kraft Heinz Co.*, Nos. 19-cv-1339, *et al.*, 2019 WL 4958238, at *14 (N.D. Ill. Oct. 8, 2019) (appointing AP7 lead plaintiff in litigation stemming from Kraft Heinz Co.'s $15.4 billion impairment charge; class certification currently in briefing).

Recognizing that AP7 is qualified to represent the class, all competing movants have withdrawn their motions or have filed responses otherwise acknowledging that they are not entitled to appointment as Lead Plaintiff under the PSLRA without making any arguments against AP7's financial interest, adequacy, or typicality. ECF Nos. 42, 43, 44, 49, 51, & 52. Accordingly, AP7's motion is unopposed.

Because AP7 possesses the largest financial interest in the relief sought by the class and otherwise satisfies the relevant requirements of Rule 23, AP7 should be appointed as Lead Plaintiff.

### C.    AP7's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen*, 586 F.3d at 712 ("[I]f the lead

plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice."). Accordingly, AP7's selection of Kessler Topaz—a firm with significant experience prosecuting complex class actions—as Lead Counsel should be approved.

### D.    The Competing Motions Should Be Denied

As set forth above, each of the six competing movants has now withdrawn their motion or filed a notice of non-opposition. *See* ECF Nos. 42, 43, 44, 49, 51, & 52. Because each movant claims losses smaller than those suffered by AP7, and because no "proof" exists to rebut AP7's presumptive status as the most adequate plaintiff under the PSLRA, the inquiry ends with AP7's appointment and no further analysis of the competing motions is permitted. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption); *Cavanaugh*, 306 F.3d at 729 n.2 ("[T]he statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); ellipsis in original)); *Mersho*, 6 F.4th at 901 (explaining that unsupported speculation "does not comport with the burden-shifting process Congress established in the PSLRA," under which "competing movants must point to evidence"); *see also DocuSign*, 2022 WL 1301770, at *4 ("Proof is key—the presumption may not 'be set aside for any reason that the court may deem sufficient.'") (quoting *Mersho*, 6 F.4th at 899).

### III.    CONCLUSION

For the reasons discussed above, AP7 respectfully requests that the Court consolidate the Related Actions, appoint AP7 as Lead Plaintiff, approve AP7's selection of Kessler Topaz as Lead Counsel for the class, and grant any such further relief as the Court may deem just and proper.

Dated:  June 14, 2022                           Respectfully submitted,

                                         **KESSLER TOPAZ MELTZER**
                                         **& CHECK, LLP**

                                         */s/ Jennifer L. Joost*
                                         JENNIFER L. JOOST (Bar No. 296164)
                                         (jjoost@ktmc.com)
                                         One Sansome Street, Suite 1850
                                         San Francisco, CA 94104
                                         Tel:    (415) 400-3000

Fax:    (415) 400-3001

-and-

NAUMON A. AMJED
(namjed@ktmc.com)
DARREN J. CHECK
(dcheck@ktmc.com)
RYAN T. DEGNAN
(rdegnan@ktmc.com)
KARISSA J. SAUDER
(ksauder@ktmc.com)
280 King of Prussia Road
Radnor, PA 19087
Tel:    (610) 667-7706
Fax:    (610) 667-7056

*Counsel for Sjunde AP-Fonden and
Proposed Lead Counsel for the Class*