Sara B. Brody (SBN 130222)
sbrody@sidley.com
Stephen Chang (SBN 312580)
Stephen.chang@sidley.com
Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

Andrew W. Stern (*pro hac vice*)
astern@sidley.com
James O. Heyworth (*pro hac vice*)
jheyworth@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019

*Attorneys for Defendants*
*Lucid Group, Inc. and Peter Rawlinson*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE LUCID GROUP, INC. SECURITIES LITIGATION | Case No. 3:22-cv-02094-AMO<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED COMPLAINT**<br><br>Date:   May 1, 2025<br>Time:   2:00 pm<br>Place:   Courtroom 10 – 19th Floor<br>Judge: Hon. Araceli Martínez-Olguín<br><br><u>CLASS ACTION</u><br><br>Amended Complaint Filed: 9/20/2024 |

## I.    INTRODUCTION

Pursuant to Rule 201 of the Federal Rule of Evidence, Defendants Lucid Group, Inc. ("Lucid") and Peter Rawlinson  (together "Defendants") file this request for judicial notice of each of the documents cited in their Motion to Dismiss the Amended Complaint and the accompanying Memorandum of Points and Authorities. These documents are attached as the exhibits to the concurrently-filed Declaration of Sara B. Brody ("Brody Declaration"). Each document is properly subject to judicial notice and/or may be considered under the doctrine of incorporation by reference.

In granting Defendants' motion to dismiss the previous complaint in this action, the Court took notice of, or considered incorporated by reference, SEC filings, press releases, and transcripts from quarterly earnings calls. ECF 103 at 7-8. Lead Plaintiff did not oppose Defendants' request for judicial notice in support of the previous motion to dismiss "to the extent Defendants [sought] to rely on documents for the limited purpose of establishing that certain representations were made to the market." *Id.* at 7.

Here, the Court should reach the same conclusion. In cases arising under Section 10(b) of the Securities Exchange Act of 1934, defendants' public statements "constitute the subject matter of the claim." *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018) (*Wochos I*). In evaluating motions to dismiss Section 10(b) claims, courts accordingly consider "what representations [defendants] made to the market." *Id.*; *see also Norfolk Cty. Ret. Sys. v. Solazyme, Inc.*, 2016 WL 7475555, at *1 n.1 (N.D. Cal. Dec. 29, 2016) (taking judicial notice of SEC filings, press releases, and other investor communications showing that the "market was aware of information"). All of the documents attached to the Brody Declaration are "matters of public record" which are "not subject to reasonable dispute," and are therefore properly before the Court as a matter of judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citations and internal quotation marks omitted); Fed. R. Evid. 201(b).

Many of the documents attached to the Brody Declaration are also referred to or drawn upon in the Amended Complaint ("AC"), and are thus also properly before the Court under the doctrine of incorporation by reference. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The list below provides parenthetical designations referring to the relevant paragraphs in the AC.

1

By way of further description, Exhibits 1 through 8 to the Brody Declaration are true and correct copies of the following:

1. Excerpts of Lucid's Form 10-Q filed with the SEC on November 15, 2021 for the quarterly period ended September 30, 2021 (AC ¶ 93). Defendants offer the exhibit for the purpose of demonstrating, among other things, the risk disclosures Lucid made to the market.

2. Excerpts of Lucid's Form 10-K filed with the SEC on February 28, 2022 for the fiscal year ended December 31, 2021 (AC ¶ 368). Defendants offer the exhibit for the purpose of demonstrating, among other things, the risk disclosures Lucid made to the market.

3. Excerpts of Lucid's Form 10-Q, filed with the SEC on May 5, 2022 for the quarterly period ended March 31, 2022. Defendants offer the exhibit for the purpose of demonstrating, among other things, the risk disclosures Lucid made to the market.

4. The transcript from Lucid's February 28, 2022 earnings call for Q4 2021 (AC ¶¶ 26, 32, 187, 367, 369-71, 413-19, 491-92). Defendants offer the exhibit for the purpose of demonstrating what Lucid said to the market about, among other things, the status and capacity of Lucid's manufacturing facilities, and Lucid's production projections.

5. Lucid's Form 8-K filed with the SEC on February 28, 2022, together with excerpts of a Lucid press release entitled, *Lucid Announces Fourth Quarter and Full Year 2021 Financial Results, Updates 2022 Outlook*, which was appended thereto as Ex. 99.1 (AC ¶¶ 410-12, 489-90). Defendants offer the exhibit for the purpose of demonstrating what Lucid said to the market about, among other things, the status and capacity of Lucid's manufacturing facilities, and Lucid's production projections.

6. The transcript from Lucid's May 5, 2022 earnings call for Q1 2022 (AC ¶¶ 34, 379, 431-33). Defendants offer the exhibit for the purpose of demonstrating what Lucid said to the market about, among other things, the status and capacity of Lucid's manufacturing facilities, and Lucid's production projections.

7. Lucid's Form 8-K filed with the SEC on May 5, 2022, together with excerpts of Lucid's press release entitled, *Lucid Reports First Quarter 2022 Financial Results*, which was appended thereto as Ex. 99.1 (AC ¶¶ 429-30). Defendants offer the exhibit for the purpose of

2

demonstrating what Lucid said to the market about, among other things, the status and capacity of Lucid's manufacturing facilities, and Lucid's production projections.

8.      The presentation from Lucid's May 5, 2022 earnings call for Q1 2022 (AC ¶ 434). Defendants offer the exhibit for the purpose of demonstrating what Lucid said to the market about, among other things, Lucid's production projections.

## II.      ARGUMENT

### A.      Legal Standards

A court may consider documents on a motion to dismiss, even if not relied upon in the complaint, by taking judicial notice of them. Courts may "judicially notice a fact that is not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, "a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja*, 899 F.3d at 999 (internal citations and quotation marks omitted).

Under the doctrine of incorporation by reference, a court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" on a motion to dismiss. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (alteration in original, internal quotation marks and citations omitted), superseded by statute on other grounds as stated in *In re Quality Sys., Inc. Litig.*, 865 F.3d 1130, 1146 (9th Cir. 2017). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. A document may be deemed incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (citations and internal quotation marks omitted).

### B.      Lucid's SEC Filings Are Subject to Judicial Notice and Many Are Also Incorporated by Reference into the AC (Exhibits 1-3, 5, 7)

Exhibits 1-3, 5, and 7 to the Brody Declaration are filings that Lucid made with the U.S. Securities Exchange Commission ("SEC"), specifically excerpts of Lucid's Forms 10-Ks and 10-Q, and Forms 8-K. Defendants submitted all five of these SEC filings in support of the motion to

3

dismiss Plaintiff's previous complaint. *See* ECF 84 at 2-3. The Court held that all five were properly before it. *See* ECF 103 at 7.

Courts routinely take judicial notice of such filings in securities litigation, where, as here, their authenticity is not reasonably subject to dispute. *E.g., Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (SEC filings are proper subjects of judicial notice); *Kipling v. Flex Ltd.*, 2020 WL 7261314, at *7 (N.D. Cal. Dec. 10, 2020), *aff'd sub nom. Nat'l Elevator Indus. Pension Fund v. Flex Ltd.*, 2021 WL 6101391 (9th Cir. 2021) (taking judicial notice of SEC filings); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings are subject to judicial notice); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) ("SEC filings are routinely subject to judicial notice."); *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019), *aff'd*, 985 F.3d 1180 (9th Cir. 2021) (*Wochos II*) (Documents filed with the SEC are "appropriate subjects of judicial notice.").

In addition, Exhibits 1, 2, 5, and 7 have been incorporated into the AC by reference. (*See, e.g.*, AC ¶¶ 93, 368, 410-12, 429-30, 489-90) Plaintiffs extensively cite these documents in the AC and they form the core of Plaintiffs' claims. Accordingly, the Court may consider these materials in connection with Defendants' Motion on this basis as well. *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020); *Khoja*, 899 F.3d at 1002, 1007; *In re Leapfrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 993 (N.D. Cal. 2016) (Where "[p]laintiffs expressly referred to these exhibits in the FAC, and relied on them as sources of the allegedly fraudulent statements" it was appropriate to consider them incorporated by reference.).

**C.    Lucid's Press Releases and Earnings Call Transcripts and Presentation Are Subject to Judicial Notice And/Or Incorporated by Reference Into the AC (Exhibits 4-8)**

Exhibits 4-8 to the Brody Declaration are Lucid's press releases, earnings call transcripts, and an earnings presentation that are publicly available. The accuracy of such documents "is not reasonably subject to dispute." *Wochos I*, 2018 WL 4076437, at *2. Lucid's investor call transcripts and press releases are judicially noticeable for the purpose of determining what information was available to the market; courts consistently take notice of such materials in securities actions. *Id.; see also Kipling*, 2020 WL 7261314 at *7 (taking judicial notice of earnings calls transcripts); *Wochos*

4

*II*, 2019 WL 1332395, at *2 ("earnings conference call transcripts" are appropriate subjects of judicial notice); *Norfolk Cty. Ret. Sys.*, 2016 WL 7475555, at *1 n.1 (taking judicial notice of press releases); *Colyer v. AcelRx Pharms.*, Inc., 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) (taking judicial notice of press releases).

Defendants submitted four earnings call transcripts and/or press releases (Exhibits 4-7) in connection with the motion to dismiss Plaintiff's previous complaint. *See* ECF 84 at 2-3. The Court held that all were appropriately before it. *See* ECF 103 at 7. As with the motion to dismiss the prior complaint, Defendants offer these exhibits for the purpose of demonstrating what Lucid said to the market about, among other things, the status and capacity of Lucid's manufacturing facilities, and Lucid's production projections. Defendants now submit one additional public document related to the May 5, 2022 earnings call that was not submitted with the prior motion to dismiss. Defendants submit Exhibit 8, a slideshow presentation from Lucid's May 5, 2022 earnings call for Q1 2022, which contains one of Defendants' statements that Plaintiff alleges is misleading. AC ¶ 434 ("Production Volume 12,000-14,000 vehicles"). This is appropriately before the Court for the same reasons as Defendants' other public transcripts and press releases.

The Court may also consider Exhibits 4-8 (Lucid's investor call transcripts and press releases) under the doctrine of incorporation by reference, as Plaintiff explicitly relies on the documents as the bases of its claims. *E.g.* AC ¶¶ 26, 32, 34, 187, 367, 369-71, 379, 410-19, 429-34, 489-92. Documents are incorporated by reference where "[p]laintiffs expressly refer[] to these exhibits in the [complaint], and rel[y] on them as sources of the allegedly fraudulent statements." *Leapfrog*, 200 F. Supp. 3d at 993; see also *Khoja*, 899 F.3d at 1002. Because Plaintiff relies on and extensively quotes Exhibits 4-8 as the bases of its claims, the full text of these documents is properly before the Court. "Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendants' decision to provide the Court with the complete transcript." *Colyer*, 2015 WL 7566809, at *3; see also *Khoja*, 899 F.3d at 1002 (same).

//

//

//

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED COMPLAINT - CASE NO. 3:22-CV-02094-AMO

## III.    CONCLUSION

For the foregoing reasons, the documents attached to the Brody Declaration and cited in Defendants' motion to dismiss are properly before the Court.

Date: December 6, 2024

Respectfully submitted,

SIDLEY AUSTIN LLP

By: */s/ Sara B. Brody*

Sara B. Brody (SBN 130222)
sbrody@sidley.com
Stephen Chang (SBN 312580)
Stephen.chang@sidley.com
Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

Andrew W. Stern (*pro hac vice*)
astern@sidley.com
James O. Heyworth (*pro hac vice*)
jheyworth@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019

*Attorneys for Defendants*
*Lucid Group, Inc. and Peter Rawlinson*

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED COMPLAINT - CASE NO. 3:22-CV-02094-AMO