**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Michael E. Liftik (SBN 232430)
michaelliftik@quinnemanuel.com
Kurt E. Wolfe (admitted *pro hac vice*)
kurtwolfe@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8100

Ryan P. Gorman (admitted *pro hac vice*)
ryangorman@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Tel: (617) 712-7100

*Counsel for Defendants Lucid Group, Inc. and
Peter Rawlinson*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| In re Lucid Group, Inc. Securities Litigation | Case No. 3:22-cv-02094-AMO |
|---|---|
| This Document Relates to: All Actions | CLASS ACTION |
| | **DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT** |

Case No. 3:22-cv-02094-AMO

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

Defendants Lucid Group, Inc. and Peter Rawlinson (collectively, "Defendants"), by and through their counsel, hereby answer Lead Plaintiff Sjunde AP-Fonden's amended consolidated class action complaint, ECF No. 108 (the "Complaint"). To the extent that the paragraphs in the Complaint are grouped under headings and subheadings (which are also listed in the Complaint's Table of Contents), Defendants respond generally that the headings and subheadings do not constitute factual averments and thus no response is required. To the extent that a response is deemed necessary, Defendants deny any and all allegations in each and every heading and subheading in the Complaint.

Except as explicitly admitted herein, Defendants deny each and every allegation in the Complaint, including, without limitation, any and all allegations in the unnumbered paragraphs on page 1 of the Complaint, headings, subheadings, footnotes, the prayer for relief, and the jury trial demand.

The Court's Order dated May 22, 2025 (the "Order") granted in part and denied in part Defendants' motion to dismiss the Complaint. Specifically, the Order dismissed twelve challenged statements between February 28, 2022 and May 20, 2022. As a result, many allegations in the Complaint relate to claims that the Court dismissed. *See* ECF No. 130. Defendants are not obligated to answer those allegations. *See, e.g., American Fam. Ins. Co. v. Almassud*, 522 F.Supp.3d 1263, 1278 (N.D. Ga. 2021); *Peper v. Dep't of Agric.*, 2008 WL 1744578, at *2 (D. Colo. Apr. 11, 2008); *see also Davanzia, S.L. v. Laserscope*, Inc., 2007 WL 3460721, at *2 (N.D. Cal. Nov. 14, 2007) (noting that defendant was "not required to respond to dismissed claims and allegations").

Defendants further answer the numbered paragraphs of the Complaint in line as follows.

I.    **INTRODUCTION**

1.    Defendants admit that Plaintiffs purport to bring this action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). Defendants further admit that Plaintiffs purport to bring claims under Sections 10(b) and 20(a) of the Securities Exchange Act and Rule 10b-5, but Defendants deny that Plaintiffs have met the requirements necessary to do so. Defendants otherwise deny each and every allegation in Paragraph 1.

2.    Defendants deny each and every allegation in Paragraph 2.

3.      Defendants admit Paragraph 3.

4.      Defendants admit the first sentence of Paragraph 4. To the extent Paragraph 4 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 4 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 4.

5.      Defendants deny the third and fourth sentences of Paragraph 5. Defendants lack knowledge or information sufficient to admit or deny the allegations contained within quotes from unidentified third parties and unidentified sources, and otherwise deny that the allegations in Paragraph 5 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 5.

6.      Defendants lack knowledge or information sufficient to admit or deny the allegations contained within quotes from unidentified third parties and unidentified sources, and otherwise deny that the allegations pertaining to those quotes accurately and/or completely depict the subject matter contained therein. To the extent Paragraph 6 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 6 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 6.

7.      Defendants deny the first and second sentences of Paragraph 7. To the extent Paragraph 7 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 7 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 7.

8.      Defendants admit the first and second sentences of Paragraph 8. To the extent Paragraph 8 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the

allegations in Paragraph 8 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 8.

9.    To the extent Paragraph 9 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements related to the details of Rawlinson's compensation package, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 9 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 9.

10.    Defendants deny the first sentence of Paragraph 10.  To the extent Paragraph 10 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 10 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 10.

11.    To the extent Paragraph 11 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 11 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 11.

12.    Defendants admit the first and second sentences of Paragraph 12.  Defendants deny the fourth and sixth sentences of Paragraph 12.  To the extent Paragraph 12 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 12 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 12.

13.    To the extent Paragraph 13 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 13 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 13.

14.    In response to Paragraph 14, Defendants admit that the Complaint identifies November 15, 2021 as the first date of the purported Class Period.  To the extent Paragraph 14

derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 14 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 14.

15.    Defendants deny the first sentence of Paragraph 15. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 15 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 15.

16.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 16 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 16.

17.    Defendants deny each and every allegation in Paragraph 17.

18.    Defendants deny the allegations in the first sentence of Paragraph 18. To the extent Paragraph 18 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 18 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 18.

19.    Paragraph 19 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation in Paragraph 19.

20.    Defendants deny the allegations contained in the first sentence of Paragraph 20. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. To the extent Paragraph 20 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 20 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 20.

21.     Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 21 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 21.

22.     Defendants deny each and every allegation in Paragraph 22.

23.     Paragraph 23 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation in Paragraph 23.

24.     To the extent Paragraph 24 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, or statements contained within a November 16, 2021 CNBC article and a November 16, 2021 Bloomberg article, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 24 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 24.

25.     Defendants deny the allegations in the first sentence of Paragraph 25.  To the extent Paragraph 25 derives from Lucid's public statements, including SEC filings, press releases and/or other public statements, including those related to the details of Rawlinson's compensation package, those statements speak for themselves. Defendants lack knowledge or information sufficient to admit or deny the allegations contained within quotes from unidentified third parties and unidentified sources, and otherwise deny that the allegations pertaining to those quotes accurately and/or completely depict the subject matter contained therein. Defendants otherwise deny that the allegations in Paragraph 25 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 25.

26.     Defendants deny the allegations in the first sentence of Paragraph 26. Defendants admit that on February 28, 2022, Lucid's stock price closed at $28.98 per share and on March 1, 2022, it closed at $24.99. To the extent Paragraph 26 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants lack knowledge or information sufficient to admit or deny the allegations contained within quotes from unidentified third parties and unidentified sources, and otherwise deny

that the allegations pertaining to those quotes accurately and/or completely depict the subject matter contained therein. Defendants otherwise deny that the allegations in Paragraph 26 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 26.

27.    Defendants deny the allegations in the first sentence of Paragraph 27. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 27 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 27.

28.    Defendants deny the allegations in the first sentence of Paragraph 28. To the extent Paragraph 28 derives from Rawlinson's public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 28 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 28.

29.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 29 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 29.

30.    Defendants deny the allegations in the second sentence of Paragraph 30. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 30 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 30.

31.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 31 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 31.

32.    Paragraph 32 asserts legal conclusions to which no response is required, to the extent a response is required, and to the extent Paragraph 32 derives from Lucid's public statements,

including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 32 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 32.

33.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained within quotes from unidentified third parties and unidentified sources in Paragraph 33, and otherwise deny that the allegations pertaining to those quotes accurately and/or completely depict the subject matter contained therein.

34.    Paragraph 34 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 34.

35.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained within quotes from unidentified third parties and unidentified sources, and otherwise deny that the allegations pertaining to those quotes accurately and/or completely depict the subject matter contained therein.

36.    Defendants deny each and every allegation in Paragraph 36.

37.    Defendants admit that on August 3, 2022, Lucid's stock price closed at $20.56 per share and on August 4, 2022, it closed at $18.56. To the extent Paragraph 37 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 37 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 37.

38.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained within quotes from unidentified third parties and unidentified sources, and otherwise deny that the allegations pertaining to those quotes accurately and/or completely depict the subject matter contained therein.

39.    Defendants deny the first sentence of Paragraph 39. To the extent Paragraph 39 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations

in Paragraph 39 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 39.

## II.    JURISDICTION AND VENUE

40.    Defendants admit that Plaintiffs purport to bring this action under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, but Defendants deny that Plaintiffs have met the requirements necessary to do so.

41.    Defendants admit that 28 U.S.C. § 1331 and Section 27 of the Exchange Act, 15 U.S.C. § 78aa, provide for jurisdiction over this action.

42.    Paragraph 42 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants are not challenging venue.

43.    Paragraph 43 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

## III.    PARTIES

### A.    Lead Plaintiff

44.    Defendants admit that the Court appointed AP7 as a Lead Plaintiff in this action and that AP7's certification filed with the Court purports to list transactions in Lucid securities. Defendants otherwise lack sufficient information to admit or deny the allegations in the first sentence of Paragraph 44. Defendants deny the remaining allegations in Paragraph 44.

### B.    Defendants

45.    Defendants admit the allegations in the first, second, and sixth sentences of Paragraph 45. Defendants further admit that, during the Class Period, Lucid sold one model (the Lucid Air). To the extent Paragraph 45 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 45 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 45.

46.    Defendants admit the allegations in first, fourth, sixth, seventh, and eighth sentences of Paragraph 46. Defendants further admit that Rawlinson joined Atieva in 2013. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 46.

47.     Paragraph 47 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation in Paragraph 47.

48.     Paragraph 48 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation in Paragraph 48.

49.     Defendants admit Paragraph 49.

## IV.     RELEVANT NON-PARTIES

### A.     Lucid Management

50.     Defendants admit the first sentence of Paragraph 50.  To the extent Paragraph 50 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 50 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 50.

51.     In response to Paragraph 51, Defendants admit that Hochholdinger served as Lucid's Vice President of Manufacturing during the time frame listed in Paragraph 51. Defendants further admit that Hochholdinger reported directly to Rawlinson. Defendants lack sufficient information to admit or deny the third through fifth sentences of Paragraph 51.  Defendants otherwise deny each and every allegation in Paragraph 51.

52.     In response to Paragraph 52, Defendants admit that Hasenkamp served as Lucid's Vice President of Supply Chain & Operations during the time frame listed in Paragraph 52. Defendants further admit that Hasenkamp reported directly to Rawlinson. Defendants lack sufficient information to admit or deny the fourth and fifth sentences of Paragraph 52.  Defendants otherwise deny each and every allegation in Paragraph 52.

53.     In response to Paragraph 53, Defendants admit that Bach served as Lucid's Senior Vice President of Product and Chief Engineer during the time frame listed in Paragraph 53. Defendants further admit that Bach reported directly to Rawlinson.  Defendants lack sufficient information to admit or deny the third and fourth sentences of Paragraph. Defendants otherwise deny each and every allegation in Paragraph 53.

54.     In response to Paragraph 54, Defendants admit that Jakobs served as Lucid's Senior Vice President of Programs during the time frame listed in Paragraph 54.  To the extent Paragraph 54 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants lack sufficient information to admit or deny the third through fourth sentences of Paragraph 54. Defendants otherwise deny that the allegations in Paragraph 54 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 54.

55.     In response to Paragraph 55, Defendants admit that Boike served as Lucid's Senior Director of Manufacturing during the time frame listed in Paragraph 55.  Defendants lack sufficient information to admit or deny the third through fifth sentences of Paragraph 55. Defendants otherwise deny that the allegations in Paragraph 55 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 55.

56.     In response to Paragraph 56, Defendants admit that Champion served as Lucid's Director of Operational Excellence during the time frame listed in Paragraph 56.  Defendants lack sufficient information to admit or deny the third and fourth sentences of Paragraph 56. Defendants otherwise deny that the allegations in Paragraph 56 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 56.

57.     In response to Paragraph 57, Defendants admit that Ludwig served as Lucid's Vice President of Global Logistics during the time frame listed in Paragraph 57.  To the extent Paragraph 57 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants lack sufficient information to admit or deny the third sentence of Paragraph 57. Defendants otherwise deny that the allegations in Paragraph 57 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 57.

58.     In response to Paragraph 58, Defendants admit that Tosh served as Lucid's Logistics, Project Launch Manager during the time frame listed in Paragraph 58. Defendants lack sufficient information to admit or deny the fourth sentence of Paragraph 58. Defendants otherwise deny that

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

the allegations in Paragraph 58 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 58.

59.    In response to Paragraph 59, Defendants admit that McKenzie served as Lucid's Operations Manager, Logistics, during the time frame listed in Paragraph 59. Defendants lack sufficient information to admit or deny the second and third sentences of Paragraph 59. Defendants otherwise deny that the allegations in Paragraph 59 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 59.

B.    **Related Entities**

60.    Defendants lack sufficient information to admit or deny the allegations in the first sentence of Paragraph 60. Defendants admit that Universal provided certain logistics services to Lucid. Defendants deny all remaining allegations in Paragraph 60.

61.    Defendants lack sufficient information to admit or deny the allegations in the first sentence of Paragraph 61. Defendants admit that Schnellecke provided certain services to Lucid. Defendants further admit that Schnellecke replaced Universal. Defendants further admit that Lucid terminated the Schnellecke relationship. Defendants deny all remaining allegations in Paragraph 61.

C.    **Former Lucid Employees Or Contractors**

62.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 62.

63.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 63.

64.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 64.

65.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 65.

66.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 66.

67.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 67.

68. Defendants lack sufficient information to admit or deny the allegations in Paragraph 68.

69. Defendants lack sufficient information to admit or deny the allegations in Paragraph 69.

70. Defendants lack sufficient information to admit or deny the allegations in Paragraph 70.

71. Defendants lack sufficient information to admit or deny the allegations in Paragraph 71.

72. Defendants lack sufficient information to admit or deny the allegations in Paragraph 72.

73. Defendants lack sufficient information to admit or deny the allegations in Paragraph 73.

**V.    OVERVIEW OF DEFENDANTS' FRAUD**

**A.    Lucid's Background And Corporate History**

74. Defendants admit the allegations in the first and second sentences of Paragraph 74. Defendants lack sufficient information to admit or deny the allegations in the third sentence of Paragraph 74.

75. In response to Paragraph 75, Defendants admit that Rawlinson joined Atieva in 2013, serving as its Chief Technology Officer. Defendants lack sufficient information to admit or deny the second sentence of Paragraph 75. Defendants admit that Rawlinson served as Chief Engineer of Advanced Engineering Lotus Cars and otherwise admit the allegations in the third sentence of Paragraph 75.

76. In response to Paragraph 76, Defendants admit that Atieva changed its name to Lucid Motors in 2016. To the extent Paragraph 76 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 76 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 76.

B.    **The Lucid Air**

77.    Defendants admit that, during the Class Period, Lucid sold one model (the Lucid Air). To the extent Paragraph 77 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 77 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 77.

78.    To the extent Paragraph 78 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 78 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 78.

79.    To the extent Paragraph 79 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 79 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 79.

80.    To the extent Paragraph 80 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants lack knowledge or information sufficient to admit or deny the allegations in the third sentence of Paragraph 80.  Defendants otherwise deny that the allegations in Paragraph 80 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 80.

81.    To the extent Paragraph 81 derives from public statements by an analyst at Guggenheim Partners, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 81 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 81.

82.    To the extent Paragraph 82 derives from public statements by an analyst at BofA, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

82 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 82.

83. To the extent Paragraph 83 derives from public statements contained within an unidentified Forbes article, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 83 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 83.

84. To the extent Paragraph 84 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 84 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 84.

85. To the extent Paragraph 85 derives from public statements of Guggenheim analysts and/or an NBC News article entitled, *Don't Call it a 'Tesla Killer' – But the Lucid Electric Car Might Be Exactly That*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 85 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 85.

C. **It Was Well-Known That Lucid's Success Hinged On Its Ability To Quickly Mass Produce The Lucid Air**

86. To the extent Paragraph 86 derives from statements contained within a December 2017 Wired article and/or a July 2021 Motley Fool article, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 86 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 86.

87. To the extent Paragraph 87 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 87 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 87.

88. To the extent Paragraph 88 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves.

Defendants otherwise deny that the allegations in Paragraph 88 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 88.

89.    To the extent Paragraph 89 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 89 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 89.

90.    To the extent Paragraph 90 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 90 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 90.

91.    Defendants admit the production and sale of the Lucid Air was the Company's most important revenue driver. To the extent Paragraph 91 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. To the extent Paragraph 91 derives from public statements by an analyst at Guggenheim Partners, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 91 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 91.

92.    Defendants admit the production and sale of the Lucid Air was the Company's most important revenue driver during the Class Period. To the extent Paragraph 92 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves.  Defendants otherwise deny that the allegations in Paragraph 92 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 92.

93.    Defendants admit the production and sale of the Lucid Air was the Company's most important revenue driver. To the extent Paragraph 93 derives from Lucid's public statements,

including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 93 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 93.

94.     Defendants deny each and every allegation in Paragraph 94.

95.     To the extent Paragraph 95 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 95 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 95.

96.     To the extent Paragraph 96 derives from statements contained within a February 23, 2021, Bloomberg publication those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 96 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 96.

97.     To the extent Paragraph 97 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 97 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 97.

98.     Defendants deny each and every allegation in Paragraph 98.

99.     To the extent Paragraph 99 derives from public statements of an unidentified "analyst [at] BofA," those statements speak for themselves. Defendants lack sufficient information to admit or deny the allegations in the second sentence in Paragraph 99. Defendants otherwise deny that the allegations in Paragraph 99 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 99.

100.     Defendants lack sufficient information to admit or deny the allegations in the first sentence in Paragraph 100. To the extent Paragraph 100 derives from statements contained within unidentified sources and/or published on unidentified dates from Guggenheim and/or USA Today,

those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 100 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 100.

101. Defendants lack sufficient information to admit or deny the allegations in the first sentence in Paragraph 101. To the extent Paragraph 101 derives from public statements contained within an unidentified Barron's article, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 101 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 101.

102. To the extent Paragraph 102 derives from public statements contained within unidentified sources or unidentified dates, including BofA and Guggenheim, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 102 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 102.

103. To the extent Paragraph 103 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 103 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 103.

D. **Lucid Continually Struggled To Raise Sufficient Capital To Fund Production Of The Air, Causing Production Delays**

104. Defendants deny the allegations in the fourth and fifth sentences of Paragraph 104. To the extent Paragraph 104 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 104 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 104.

105. To the extent Paragraph 105 derives from portions of a September 17, 2018 The Verge publication, those statements speak for themselves. Defendants otherwise deny that the

allegations in Paragraph 105 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 105.

106. To the extent Paragraph 106 derives from Defendants' public statements, including SEC filings, press releases, news reports and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 106 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 106.

107. In response to Paragraph 107, Defendants admit that in September 2018, the Public Investment Fund of Saudi Arabia executed an investment agreement with Lucid that would provide Lucid with over $1 billion in funding. Defendants further admit the allegations in the fourth sentence of Paragraph 107. Defendants lack knowledge or information sufficient to admit or deny the allegations contained within quotes from unidentified third parties and unidentified sources, and otherwise deny that the allegations pertaining to those quotes accurately and/or completely depict the subject matter contained therein.

108. Defendants admit the first sentence of Paragraph 108. To the extent Paragraph 108 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 108 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 108.

109. Defendants deny each and every allegation in Paragraph 109.

E. **To Drum Up Interest In The Merger—And Secure A Much-Needed Capital Infusion—Lucid Released An Aggressive Production Timeline, Including 20,000 Airs In 2022**

110. Defendants admit the allegations in Paragraph 110.

111. Defendants deny the first sentence of Paragraph 111. To the extent Paragraph 111 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 111 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 111.

112. To the extent Paragraph 112 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, or statements in a February 22, 2021 investor presentation regarding Lucid's merger, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 112 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 112.

113. To the extent Paragraph 113 derives from statements in a February 22, 2021 investor presentation regarding Lucid's merger, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 113 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 113.

114. Defendants deny each and every allegation in Paragraph 114.

F. **By Taking Lucid Public, Rawlinson Knew He Would Secure A Multimillion Dollar Bonus And Lucrative Compensation Package**

115. Defendants admit the second sentence of Paragraph 115. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 115.

116. Defendants admit the second and third sentences of Paragraph 116. Except as expressly admitted herein, Defendants otherwise deny each and every allegation in Paragraph 116.

117. To the extent Paragraph 117 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements related to the details of Rawlinson's compensation package, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 117 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 117.

118. Defendants deny the first sentence of Paragraph 118. To the extent Paragraph 118 derives from portions of an interview that Rawlinson gave on May 11, 2021 to CNBC TechCheck those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 118 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 118.

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

G.    **In The Run-Up To The Merger And Class Period, Defendants Continued To Assure Investors That Lucid Would Meet Its 2022 Production Target**

119.    To the extent Paragraph 119 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 119 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 119.

120.    To the extent Paragraph 120 derives from Defendants' public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 120 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 120.

121.    Defendants deny the first sentence of Paragraph 121.  To the extent Paragraph 121 derives from Defendants' public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 121 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 121.

122.    Defendants deny each and every allegation in Paragraph 122.

123.    Defendants admit the first and second sentences of Paragraph 123. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 123.

124.    To the extent Paragraph 124 derives from public statements—including an unidentified Financial Times publication, an unidentified Bloomberg publication, and Rawlinson's public statements—those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 124 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 124.

125.    To the extent Paragraph 125 derives from public statements—including the July 22, 2021 Bloomberg article entitled, *EV Startup Lucid Risks SPAC Deal Collapse on No-Show Holders*, and Rawlinson's public statements—those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 125 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 125.

126.    Defendants admit the first and second sentences of Paragraph 126.  Defendants further admit that that the merger included approximately $4.4 billion in growth capital.  To the extent Paragraph 126 derives from Lucid's public statements, including SEC filings, press releases and/or other public statements, including those related to the details of Rawlinson's compensation package, those statements speak for themselves.  Defendants lack sufficient information to admit or deny the allegations in the fourth sentence of Paragraph 126. Defendants otherwise deny that the allegations in Paragraph 126 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 126.

127.    Defendants deny each and every allegation in Paragraph 127.

H.    **After Beginning Customer Deliveries Of The Air, Defendants Reiterated Lucid's Production Guidance**

128.    To the extent Paragraph 128 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 128 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 128.

129.    Defendants deny the first sentence in Paragraph 129.  To the extent Paragraph 129 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. To the extent Paragraph 129 derives from a September 28, 2021 Bloomberg article, that publication speaks for itself. Defendants otherwise deny that the allegations in Paragraph 129 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 129.

130.    To the extent Paragraph 130 derives from portions of a September 28, 2021 CNBC article, that article speaks for itself.  Defendants otherwise deny that the allegations in Paragraph 130 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 130.

131.    To the extent Paragraph 131 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves.

Defendants otherwise deny that the allegations in Paragraph 131 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 131.

I.    **Lucid's Entire Production Process Took Place From The Company's Facilities In Casa Grande And Sole Warehouse In Tempe**

132.    To the extent Paragraph 132 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 132 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 132.

133.    To the extent Paragraph 133 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 133 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 133.

134.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 134 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 134.

135.    To the extent Paragraph 135 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 135 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 135.

136.    Defendants deny the allegations in the first sentence of Paragraph 136. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 136 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 136.

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

137.   Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 137 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 137.

138.   Defendants deny the allegations in the first sentence of Paragraph 138.  Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 138 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 138.

139.   Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 139 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 139.

140.   Defendants deny the allegations in the first sentence of Paragraph 140. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 140 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 140.

141.   Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 141 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 141.

142.   Defendants admit that Universal provided certain logistics services to Lucid. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 142 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 142.

J. **Defendants Knew Throughout the Class Period That Lucid Suffered From Severe Internal Logistics Issues And Would Not Meet Its Production Targets**

143. Defendants deny each and every allegation in Paragraph 143.

144. Defendants admit that they publicly disclosed "extraordinary supply chain and logistics challenges" impacted Lucid's production of the Lucid Air in 2022. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 144.

**1. Defendants Knew About Lucid's Widespread Internal Logistics Issues**

145. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 145 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 145.

146. Defendants deny each and every allegation in Paragraph 146.

**a. Lucid Did Not Have A Functional Inventory System**

147. Defendants admit that inventory management was a component of Lucid's operations. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 147.

148. Defendants deny that the allegations in Paragraph 148 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 148.

149. Defendants deny each and every allegation in Paragraph 149.

150. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 150 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 150.

151. Defendants admit that Lucid used software called Wasp. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 151 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 151.

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

152.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 152 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 152.

153.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 153 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 153.

154.    Defendants deny the allegations in the first sentence of Paragraph 154. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 154 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 154.

155.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 155 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 155.

156.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 156 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 156.

157.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 157 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 157.

158.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise

deny that the allegations in Paragraph 158 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 158.

159.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 159 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 159.

160.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 160 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 160.

161.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 161 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 161.

162.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 162 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 162.

163.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 163 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 163.

164.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 164 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 164.

165.    Defendants deny the allegations in the first sentence of Paragraph 165. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses

referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 165 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 165.

166. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 166 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 166.

### b. Defendants Had No Idea How Much Inventory Lucid Had

167. Defendants deny the allegations in the first sentence of Paragraph 167. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 167 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 167.

168. Defendants deny the allegations in the first sentence of Paragraph 168. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 168 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 168.

169. Defendants deny the allegations in the first sentences of Paragraph 169. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 169 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 169.

### c. Lucid's Inaccurate Inventory Had Significant Negative Impacts On Its Business

170. Defendants deny the allegations in the first sentence of Paragraph 170. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations

in Paragraph 170 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 170.

171.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 171 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 171.

172.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 172 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 172.

173.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 173 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 173.

174.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 174 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 174.

175.    Defendants deny the allegations in the first sentence of Paragraph 175. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 175 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 175.

**d.    Defendants Knew Lucid Desperately Needed To Conduct A Full Physical Inventory, But Denied Numerous Requests To Do So**

176.    Defendants deny each and every allegation in Paragraph 176.

177.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise

deny that the allegations in Paragraph 177 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 177.

178.    Defendants deny the allegations in the first sentence of Paragraph 178. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 178 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 178.

179.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 179 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 179.

180.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 180 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 180.

181.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 181 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 181.

182.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 182 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 182.

183.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 183 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 183.

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

184.     Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 184 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 184.

185.     Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny the allegations in Paragraph 185.

186.     Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 186 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 186.

187.     Defendants admit that Jakobs was assigned to work at the Warehouse in or around November 2021. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  To the extent Paragraph 187 derives from Defendants public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 187 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 187.

188.     Defendants deny the allegations in the first sentence of Paragraph 188. Defendants admit that Evelyn Chiang served as Lucid's Vice President of Process Transformation. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 188 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 188.

**e.     Lucid's Warehouse Was Operating Significantly Above Capacity**

189.     Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

deny that the allegations in Paragraph 189 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 189.

190.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 190 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 190.

191.    Defendants deny the allegations in the first sentence of Paragraph 191. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 191 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 191.

192.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 192 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 192.

193.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 193 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 193.

194.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 194 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 194.

195.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 195 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 195.

196.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 196 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 196.

197.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 197 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 197.

f.    **Lucid Could Not Get Parts To The Production Line Because The Warehouse Was A Complete Mess**

198.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 198 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 198.

199.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 199 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 199.

200.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 200 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 200.

201.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 201 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 201.

202.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise

deny that the allegations in Paragraph 202 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 202.

203.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 203 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 203.

204.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 204 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 204.

205.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 205 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 205.

206.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 206 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 206.

207.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 207 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 207.

g.    **Lucid's Internal Inventory Logistics Issues Prevented It From Receiving Parts**

208.    Defendants deny the allegations in the first sentence of Paragraph 208. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations

in Paragraph 208 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 208.

209. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 209 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 209.

210. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 210 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 210.

211. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 211 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 211.

212. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 212 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 212.

### h. Issues With Reflashing, Sequencing, And Quality Checks At Lucid's Warehouse Resulted In Additional Production Delays

213. Defendants deny each and every allegation in Paragraph 213.

214. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 214 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 214.

215. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise

deny that the allegations in Paragraph 215 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 215.

216.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 216 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 216.

217.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 217 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 217.

### i.    As A Result Of The Substantial Issues In Its Warehouse, Lucid Scrapped Millions Of Dollars In Parts

218.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 218 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 218.

219.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 219 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 219.

220.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 220 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 220.

221.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 221 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 221.

222.    Defendants deny the allegations in the first sentence of Paragraph 222. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 222 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 222.

223.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 223 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 223.

224.    Defendants deny the allegations in the first sentence of Paragraph 224. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 224 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 224.

225.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 225 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 225.

226.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 226 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 226.

**j.      Internal Logistics Inefficiencies At The Plant Resulted In Delays In Getting Parts To The Production Line**

227.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 227 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 227.

228.     Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 228 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 228.

229.     Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 229 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 229.

230.     Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 230 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 230.

### k.     Lucid's Internal Logistics Issues Were Known Within The Company

231.     Defendants deny the allegations in the first sentence of Paragraph 231. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 231 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 231.

232.     Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 232 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 232.

233.     Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 233 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 233.

234.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 234 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 234.

235.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 235 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 235.

236.    Defendants deny that the allegations in the second sentence of Paragraph 236. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 236 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 236.

237.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 237 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 237.

238.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 238 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 238.

239.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 239 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 239.

240.    Defendants deny the allegations in the fourth sentence of Paragraph 240. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations

in Paragraph 240 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 240.

241.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 241 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 241.

242.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 242 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 242.

243.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 243 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 243.

244.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 244 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 244.

245.    Defendants deny the allegations in the first sentence of Paragraph 245. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 245 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 245.

246.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 246 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 246.

247.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 247 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 247.

248.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 248 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 248.

249.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 249 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 249.

250.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 250 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 250.

251.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 251 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 251.

252.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 252 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 252.

**2.      Defendants Knew That Lucid's Ability To Produce Cars Was Adversely Impacted By Issues With The Design Of Lucid Air Parts**

253.    Defendants admit that shortages of parts affected Lucid's production of the Lucid Air. Defendants deny all remaining allegations in Paragraph 253.

254. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 254 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 254.

255. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 255 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 255.

256. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 256 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 256.

257. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 257 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 257.

258. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 258 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 258.

259. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 259 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 259.

260. Defendants admit that shortages of parts affected Lucid's production of the Lucid Air. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the

allegations in Paragraph 260 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 260.

261. Defendants deny each and every allegation in Paragraph 261.

### a. Cantrail Applique

262. Defendants admit Paragraph 262.

263. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 263 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 263.

264. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 264 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 264.

265. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 265 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 265.

266. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 266 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 266.

### b. Glass

267. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 267 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 267.

268. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise

deny that the allegations in Paragraph 268 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 268.

269.   Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 269 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 269.

270.   Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 270 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 270.

271.   Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 271 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 271.

### c.   Door Seals

272.   Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 272 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 272.

273.   Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 273 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 273.

274.   Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 274 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 274.

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

#### d.    Body In White Panels

275.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 275 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 275.

276.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 276 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 276.

277.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 277 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 277.

#### e.    Carpets

278.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  To the extent Paragraph 278 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 278 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 278.

### 3.    Defendants Knew Lucid's Internal Problems Significantly Impacted Its Ability To Produce The Air

#### a.    Because Of Internal Logistics Problems, Lucid Could Not Get Parts To The Production Line

279.    Defendants admit that in August 2022 they publicly disclosed "extraordinary supply chain and logistics challenges" impacted Lucid's production of the Lucid Air. Defendants deny all remaining allegations in Paragraph 279.

280.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise

deny that the allegations in Paragraph 280 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 280.

281.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 281 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 281.

282.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 282 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 282.

283.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 283 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 283.

284.    Defendants deny the allegations in the first sentence of Paragraph 284. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 284 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 284.

285.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 285 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 285.

286.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 286 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 286.

287.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 287 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 287.

288.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 288 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 288.

289.    Defendants deny the allegations in the first sentence of Paragraph 289. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 289 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 289.

290.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 290 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 290.

291.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 291 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 291.

**b.      Lucid's Production Line Was Consistently Shut Down**

292.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 292 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 292.

293.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

deny that the allegations in Paragraph 293 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 293.

294.   Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 294 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 294.

295.   Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 295 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 295.

296.   Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 296 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 296.

297.   Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 297 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 297.

298.   Defendants deny the allegations in the second sentence of Paragraph 298. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 298 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 298.

299.   Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 299 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 299.

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

300. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 300 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 300.

301. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 301 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 301.

302. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 302 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 302.

    **c.**     **Rawlinson Was Regularly At The Plant, Including During Line Shutdowns**

303. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 303 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 303.

304. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 304 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 304.

305. To the extent Paragraph 305 derives from Rawlinson's public statements, those statements speak for themselves. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 305 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 305.

**4.    Defendants Knew That Lucid Would Not Meet Its Production Guidance**

306.    Defendants deny each and every allegation in Paragraph 306.

307.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 307 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 307.

308.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 308 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 308.

309.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 309 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 309.

310.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 310 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 310.

311.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 311 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 311.

312.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 312 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 312.

313.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise

deny that the allegations in Paragraph 313 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 313.

314.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 314 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 314.

315.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 315 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 315.

316.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 316 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 316.

317.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 317 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 317.

318.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 318 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 318.

319.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 319 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 319.

320.    Defendants deny the allegations in the second sentence of Paragraph 320. Defendants lack sufficient information to admit or deny whether the anonymous confidential

witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 320 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 320.

321.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 321 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 321.

322.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 322 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 322.

323.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 323 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 323.

324.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 324 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 324.

K.    **To Begin The Class Period, Defendants Misled Investors About Lucid's Production And Concealed The Severe Internal Problems That Were Adversely Impacting The Company's Ability To Produce Vehicles**

325.    To the extent Paragraph 325 derives from unidentified statements of third parties, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 325 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 325.

326.    To the extent Paragraph 326 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 326 accurately and/or completely depict

the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 326.

327.   Defendants deny each and every allegation in Paragraph 327.

328.   Defendants deny each and every allegation in Paragraph 328.

329.   Paragraph 329 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

330.   To the extent Paragraph 330 derives from unidentified statements of a BofA analyst, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 330 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 330.

331.   To the extent Paragraph 331 derives from statements contained within a November 15, 2021, Bloomberg article, a November 16, 2021, CNBC article, and/or a November 16, 2021 Bloomberg article, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 331 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 331.

332.   To the extent Paragraph 332 derives from statements contained within a November 16, 2021 interview with CNBC's Jim Cramer, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 332 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 332.

333.   Paragraph 333 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

L.     **Defendants Capitalized On Lucid's Inflated Stock Price And Market Capitalization**

334.   Defendants deny each and every allegation in Paragraph 334.

335.   To the extent Paragraph 335 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 335 accurately and/or completely depict

-52-                              Case No. 3:22-cv-02094-AMO

the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 335.

336.   Defendants deny the allegations in the first sentence of Paragraph 336. To the extent Paragraph 336 derives from unidentified December 9, 2021 statements by Morgan Stanley, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 336 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 336.

337.   To the extent Paragraph 337 derives from unidentified statements by BofA and/or Morgan Stanley analysts, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 337 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 337.

338.   The first sentence of Paragraph 338 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein. To the extent Paragraph 338 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, and/or statements contained within an unidentified Bloomberg report, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 338 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 338.

M.   **Fresh Off The Multi-Billion Dollar Offering, Defendants Cut Lucid's 2022 Production Guidance**

339.   Defendants deny each and every allegation in Paragraph 339.

340.   Defendants admit that on February 28, 2022, Lucid's stock price closed at $28.98 per share and on March 1, 2022, it closed at $24.99. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 340.

341.   To the extent Paragraph 341 derives from unidentified statements of "market commentators," including unidentified statements by CFRA and/or Guggenheim analysts, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 341

accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 341.

342. To the extent Paragraph 342 derives from statements contained within unidentified New York Times and/or Seeking Alpha articles, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 342 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 342.

343. To the extent Paragraph 343 derives from statements contained within an unidentified Motley Fool article, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 343 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 343.

N. **Despite The Unexpected Guidance Cut, Lucid's Stock Remained Artificially Inflated Because Defendants Continued To Mislead Investors**

344. Defendants deny each and every allegation in Paragraph 344.

345. Defendants deny each and every allegation in Paragraph 345.

346. Defendants deny the allegations in the first sentence of Paragraph 346. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 346 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 346.

347. Defendants deny the allegations in the first sentence of Paragraph 347. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 347 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 347.

348. Defendants deny the allegations in the first and second sentence of Paragraph 348. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the

allegations in Paragraph 348 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 348.

349. Defendants deny the allegations in the first sentence of Paragraph 349. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 349 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 349.

350. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 350 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 350.

351. Defendants deny the allegations in the first and sixth sentences of Paragraph 351. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 351 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 351.

352. Defendants deny the allegations in the first sentence of Paragraph 352. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 352 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 352.

353. Defendants deny the allegations in the first and second sentences of Paragraph 353. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 353 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 353.

354. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise

deny that the allegations in Paragraph 354 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 354.

355. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 355 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 355.

356. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 356 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 356.

357. To the extent Paragraph 357 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 357 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 357.

358. Defendants deny the allegations in the first sentence of Paragraph 358. To the extent Paragraph 358 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 358 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 358.

359. Defendants deny the allegations in the first sentence of Paragraph 359. To the extent Paragraph 359 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 359 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 359.

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

360.     Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 360 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 360.

361.     Defendants deny the allegations in the first and fourth sentences of Paragraph 361. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 361 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 361.

362.     Defendants deny each and every allegation in Paragraph 362.

363.     Defendants deny the allegations in the first sentence of Paragraph 363. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 363 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 363.

364.     Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 364 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 364.

365.     Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 365 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 365.

366.     Paragraph 366 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

367.     Paragraph 367 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, and to the extent Paragraph 367 derives from Defendants' public

statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny each and every allegation in Paragraph 367.

368.    To the extent Paragraph 368 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny each and every allegation in Paragraph 368.

369.    To the extent Paragraph 369 derives from Defendants' public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 369 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 369.

370.    To the extent Paragraph 370 derives from Defendants' public statements, including SEC filings, press releases, earnings calls, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 370 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 370.

371.    To the extent Paragraph 371 derives from Defendants' public statements, including SEC filings, press releases, earnings calls, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 371 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 371.

372.    Defendants deny the allegations in the first sentence of Paragraph 372. To the extent Paragraph 372 derives from statements by an unidentified CFRA analyst, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 372 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 372.

373.    To the extent Paragraph 373 derives from statements contained within the New York Times, in an article entitled, *Lucid Motors Will Produce Fewer Cars Than Expected: The electric car start-up cited supply chain problems*, and/or within unidentified Bloomberg sources, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 373

accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 373.

374.    To the extent Paragraph 374 derives from statements contained within an unidentified CNBC article, and/or within an Electrek article entitled, *Lucid Motors' Q4 earnings: 125 Air deliveries in 2021, 2022 production estimates slashed as much as 40% due to 'supply chain constraints,'* those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 374 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 374.

375.    To the extent Paragraph 375 derives from statements contained within unidentified Silicon Valley Business Journal, Motley Fool, and/or Autoweek articles, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 375 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 375.

O.    **Defendants Continued To Mislead Investors In March And May 2022**

376.    Defendants deny each and every allegation in Paragraph 376.

377.    Defendants deny each and every allegation in Paragraph 377.

378.    To the extent Paragraph 378 derives from Defendants' public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 378 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 378.

379.    To the extent Paragraph 379 derives from Defendants' public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 379 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 379.

380.    To the extent Paragraph 380 derives from statements contained within a May 5, 2022, BofA analyst report, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 380 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 380.

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

381.    To the extent Paragraph 381 derives from statements contained within a May 9, 2022, BNP Paribas analyst report, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 381 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 381.

382.    To the extent Paragraph 382 derives from statements contained within a May 5, 2022, Bloomberg article and/or a May 5, 2022 Wall Street Journal article, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 382 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 382.

383.    To the extent Paragraph 383 derives from statements contained within a May 5, 2022 New York Times article, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 383 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 383.

384.    To the extent Paragraph 384 derives from Defendants' public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 384 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 384.

P.    **The Relevant Truth Concealed By Defendants' Misrepresentations And Omissions Was Finally Revealed To Investors On August 3, 2022**

385.    To the extent Paragraph 385 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 385 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 385.

386.    Defendants deny the allegations in the first sentence of Paragraph 386. To the extent Paragraph 386 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the

allegations in Paragraph 386 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 386.

387.    To the extent Paragraph 387 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 387 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 387.

388.    In response to Paragraph 388, Defendants admit that on August 3, 2022, Lucid's stock price closed at $20.56 per share and on August 4, 2022, it closed at $18.56. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 388.

389.    To the extent Paragraph 389 derives from unidentified statements of a BNP Paribas analyst, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 389 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 389.

390.    To the extent Paragraph 390 derives from unidentified statements of a Guggenheim analyst, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 390 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 390.

391.    To the extent Paragraph 391 derives from statements within an unidentified New York Times article, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 391 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 391.

392.    To the extent Paragraph 392 derives from statements within a CNBC article entitled, *EV maker Lucid again cuts production targets as logistics challenges cripple output*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 392 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 392.

393.    To the extent Paragraph 393 derives from statements within an unidentified Electrek article, those statements speak for themselves. Defendants otherwise deny that the allegations in

Paragraph 393 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 393.

394. To the extent Paragraph 394 derives from statements within an unidentified Business Insider article, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 394 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 394.

## VI. DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS OF MATERIAL FACT

### A. November 15, 2021

395. Defendants admit Paragraph 395.

396. To the extent Paragraph 396 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 396 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 396.

397. To the extent Paragraph 397 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 397 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 397.

398. Paragraph 398 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

399. Paragraph 399 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

400. Paragraph 400 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

401. Paragraph 401 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

### B. November 16, 2021

402. Defendants admit Paragraph 402.

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

403.    To the extent Paragraph 403 derives from statements contained within a November 16, 2021 CNBC interview, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 403 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 403.

404.    To the extent Paragraph 404 derives from Defendants' public statements, including SEC filings, press releases, interviews and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 404 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 404.

405.    To the extent Paragraph 405 derives from statements contained within a November 16, 2021 CNBC interview, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 405 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 405.

406.    To the extent Paragraph 460 derives from Defendants' public statements, including SEC filings, press releases, interviews and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 406 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 406.

407.    Paragraph 407 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

408.    Paragraph 408 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

409.    Paragraph 409 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

C.    **February 28, 2022**

410.    Paragraph 410 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

required, and to the extent Paragraph 410 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves.

411. Paragraph 411 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, and to the extent Paragraph 411 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 411 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 411.

412. Paragraph 412 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, and to the extent Paragraph 412 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 412 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 412.

413. Paragraph 413 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, and to the extent Paragraph 413 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves.

414. Paragraph 414 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, and to the extent Paragraph 414 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves.

415. Paragraph 415 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, and to the extent Paragraph 415 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves.

416. Paragraph 416 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is

required, and to the extent Paragraph 416 derives from statements contained within Defendants' SEC filings, press releases, and/or other public statements, those statements speak for themselves.

417.    Paragraph 417 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, and to the extent Paragraph 417 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves.

418.    Paragraph 418 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, and to the extent Paragraph 418 derives from statements contained within Lucid's SEC filings, press releases, and/or other public statements, those statements speak for themselves.

419.    Paragraph 419 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, and to the extent Paragraph 419 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves.

420.    Paragraph 420 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, Defendants deny each and every allegation in Paragraph 420.

421.    Paragraph 421 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, Defendants deny each and every allegation in Paragraph 421.

422.    Paragraph 422 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, Defendants deny each and every allegation in Paragraph 422.

423.    Paragraph 423 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, Defendants deny each and every allegation in Paragraph 423.

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

424.    Paragraph 424 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, Defendants deny each and every allegation in Paragraph 424.

425.    Paragraph 425 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, Defendants deny each and every allegation in Paragraph 425.

D.    **March 17, 2022**

426.    Paragraph 426 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, and to the extent Paragraph 426 derives from statements contained within a March 17, 2022, Reuters article entitled, *Rising Costs Have Lucid CEO Eyeing Price Hike for Future Electric Cars*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 426 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 426.

427.    Paragraph 427 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, Defendants deny each and every allegation in Paragraph 427.

428.    Paragraph 428 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, Defendants deny each and every allegation in Paragraph 428.

E.    **May 5, 2022**

429.    Paragraph 429 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, Defendants admit Paragraph 429.

430.    Paragraph 430 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, and to the extent Paragraph 430 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves.

431.    Paragraph 431 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, and to the extent Paragraph 431 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves.

432.    Paragraph 432 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, and to the extent Paragraph 432 derives from statements contained within Lucid's SEC filings, press releases, earnings calls, and/or other public statements, those statements speak for themselves.

433.    Paragraph 433 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, and to the extent Paragraph 433 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves.

434.    Paragraph 434 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, and to the extent Paragraph 434 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves.

435.    Paragraph 435 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, Defendants deny each and every allegation in Paragraph 435.

436.    Paragraph 436 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, Defendants deny each and every allegation in Paragraph 436.

437.    Paragraph 437 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, Defendants deny each and every allegation in Paragraph 437.

438.    Paragraph 438 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, Defendants deny each and every allegation in Paragraph 438.

F.    **May 20, 2022**

439.    Paragraph 439 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, Defendants admit that on May 20, 2022, Rawlinson participated in an interview with Lara Habib Chamat of Al Arabiya News Channel. To the extent Paragraph 439 derives from statements contained within an interview with Lara Habib Chamat of Al Arabiya News Channel, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 439 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 439.

440.    Paragraph 440 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, and to the extent Paragraph 440 derives from Defendants' public statements, including SEC filings, press releases, interviews, and/or other public statements, those statements speak for themselves.

441.    Paragraph 441 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, Defendants deny each and every allegation in Paragraph 441.

442.    Paragraph 442 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, Defendants deny each and every allegation in Paragraph 442.

443.    Paragraph 443 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, Defendants deny each and every allegation in Paragraph 443.

444.    Paragraph 444 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, Defendants deny each and every allegation in Paragraph 444.

445.    Paragraph 445 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, Defendants deny each and every allegation in Paragraph 445.

## VII.    ADDITIONAL ALLEGATIONS OF SCIENTER

446.    Paragraph 446 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

447.    Paragraph 447 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

### A.    Defendants Knew Lucid Would Not Achieve Its Production Guidance

448.    Paragraph 448 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny each and every allegation in Paragraph 448.

449.    Paragraph 449 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny each and every allegation in Paragraph 449.

450.    Defendants deny the allegations in the first sentence of Paragraph 450. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 450 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 450.

### B.    Defendants Knew Of The Widespread, Internal Problems At Lucid And Their Adverse Impact On Lucid's Production

451.    Defendants deny each and every allegation in Paragraph 451.

-69-    Case No. 3:22-cv-02094-AMO
ANSWER TO AMENDED CONSOLIDATED COMPLAINT

452.    Paragraph 452 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants admit that Rawlinson frequently visited the Warehouse and the Plant. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 452 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 452.

453.    Paragraph 453 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 453 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 453.

454.    Paragraph 454 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

455.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 455 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 455.

456.    To the extent Paragraph 456 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 456 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 456.

457.    Defendants admit that Rawlinson kept up to date with developments at Lucid through meetings and conversations and other methods. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 457 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 457.

458.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

deny that the allegations in Paragraph 458 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 458.

459.    Defendants admit that Rawlinson kept up to date with developments at Lucid through meetings and conversations and other methods. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 459 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 459.

460.    Defendants deny the allegations in the first sentence of Paragraph 460. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 460 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 460.

461.    Defendants deny the allegations in the first and second sentences of Paragraph 461. Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 461 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 461.

462.    Paragraph 462 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 462 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 462.

463.    Defendants deny the allegations in the first sentence of Paragraph 463. Defendants admit that Rawlinson assigned Jakobs to the Warehouse around November 2021.  Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them. Defendants otherwise deny that the allegations in Paragraph 463 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 463.

464.    Paragraph 464 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants each and every allegation in Paragraph 464.

465.    Defendants lack sufficient information to admit or deny whether the anonymous confidential witnesses referenced made the statements attributed to them.  Defendants otherwise deny that the allegations in Paragraph 465 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 465.

C.    **The Production And Sale Of The Lucid Air Was Critical To Lucid's Operations.**

466.    Defendants deny each and every allegation in Paragraph 466.

467.    Defendants admit the production and sale of the Lucid Air was the Company's most important revenue driver. To the extent Paragraph 467 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 467 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 467.

468.    To the extent Paragraph 468 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 468 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 468.

D.    **Defendants Repeatedly Spoke About The Issues At The Center Of The Fraud**

469.    Paragraph 469 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

E.    **Defendant Rawlinson Controlled The Contents Of Lucid's Public Statements And Had Unfettered Access To Information Contrary To His And Lucid's Statements**

470.    Paragraph 470 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants admit that Rawlinson was Lucid's Chief Executive Officer during the Class Period. Defendants deny each and every remaining allegation therein.

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

471.    Paragraph 471 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

472.    Paragraph 472 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

473.    Paragraph 473 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

F.    **The Temporal Proximity Between Defendants' Material Misrepresentations And Partial Revelations Of The Relevant Truth Supports A Strong Inference Of Scienter**

474.    Paragraph 474 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

475.    Paragraph 475 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, and to the extent Paragraph 475 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves.  Defendants otherwise deny that the allegations in Paragraph 475 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 475.

476.    Paragraph 476 contains Plaintiffs' legal argument to which no response is required. Paragraph 476 further contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1; Order at 16. To the extent a response is required, and to the extent Paragraph 476 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 476 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 476.

G.    **Defendant Rawlinson Had Motive And Opportunity To Mislead Investors**

1.    **By Inflating Lucid's Stock Price And/Or Maintaining That Artificial Inflation, Defendant Rawlinson Increased His Compensation By Hundreds Of Millions Of Dollars**

477.    Paragraph 477 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, and to the extent Paragraph 477 derives from Rawlinson's public

statements, those statements speak for themselves. Defendants otherwise deny each and every allegation in Paragraph 477.

478.    To the extent Paragraph 478 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements related to the details of Rawlinson's compensation package, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 478 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 478.

479.    Paragraph 479 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, and to the extent Paragraph 479 derives from statements contained within an unidentified Bloomberg article and/or Lucid's public statements, including SEC filings, press releases, and/or other public statements related to the details of Rawlinson's compensation package, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 479 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 479.

480.    Paragraph 480 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

481.    Paragraph 481 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, and to the extent Paragraph 481 derives from statements contained within an unidentified Bloomberg article, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 481 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 481.

482.    To the extent Paragraph 482 derives from statements contained within unidentified articles, or a Yahoo! Finance article entitled, "*The Most Outrageous CEO Salaries and Perks*," those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 482 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 482.

**2.    Lucid Capitalized On Its Fraud By Releasing Convertible Notes In A Private Offering, Reaping $2 Billion In Proceeds**

483.    Paragraph 483 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny the first, second, and third sentences of Paragraph 483. Defendants admit that noteholders were given rights to convert the notes to Lucid common stock. To the extent Paragraph 483 derives from statements contained within unidentified analyst reports, or a December 9, 2021, Morgan Stanley analyst report, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 483 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 483.

## VIII.    LOSS CAUSATION

484.    Paragraph 484 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

485.    Paragraph 485 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

486.    Paragraph 486 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

487.    Paragraph 487 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

### A.    February 28, 2022

488.    Paragraph 488 contains Plaintiffs' legal argument to which no response is required. To the extent a response is required, Defendants deny the first sentence of Paragraph 488.  To the extent Paragraph 488 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 488 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 488.

489.    To the extent Paragraph 489 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves.

Defendants otherwise deny that the allegations in Paragraph 489 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 489.

490.    To the extent Paragraph 490 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 490 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 490.

491.    To the extent Paragraph 491 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 491 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 491.

492.    To the extent Paragraph 492 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 492 accurately and/or completely depict the subject matter contained therein and therefore otherwise deny the remaining allegations in Paragraph 492.

493.    Defendants admit that on February 28, 2022, Lucid's stock price closed at $28.98 per share and on March 1, 2022, it closed at $24.99. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 493.

494.    Paragraph 494 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

495.    To the extent Paragraph 495 derives from statements contained within of a BofA analyst report entitled, *Good 4Q:21, but production lagging accelerating reservations—first take*, and/or within an unidentified CFRA analyst report, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 495 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 495.

496.    To the extent Paragraph 496 derives from statements contained within an unidentified Guggenheim report, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 496 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 496.

497.    To the extent Paragraph 497 derives from statements contained within a February 28, 2022, New York Times article entitled, *Lucid Motors Will Produce Fewer Cars Than Expected: The electric car start-up cited supply chain problems*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 497 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 497.

498.    To the extent Paragraph 498 derives from statements contained within a February 28, 2022, Bloomberg article entitled, *Lucid Shares Sink as EV Startup Cuts 2022 Production Target*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 498 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 498.

499.    To the extent Paragraph 499 derives from statements contained within a February 28, 2022, Electrek article entitled, *Lucid Motors' Q4 earnings: 125 Air deliveries in 2021, 2022 production estimates slashed as much as 40% due to 'supply chain constraints'*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 499 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 499.

500.    To the extent Paragraph 500 derives from statements contained within a February 28, 2022, Seeking Alpha article entitled, *Lucid Drops As 2022 Guidance Slashed*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 500 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 500.

501.    To the extent Paragraph 501 derives from statements contained within a February 28, 2022, Seeking Alpha article entitled, *Lucid Drops As 2022 Guidance Slashed*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 501 accurately

and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 501.

502. To the extent Paragraph 502 derives from statements contained within a February 28, 2022, CNBC article entitled, *EV start-up Lucid slashes 2022 vehicle production forecast, causing shares to plummet*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 502 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 502.

503. To the extent Paragraph 503 derives from statements contained within a March 1, 2022, Silicon Valley Business Journal article entitled, *Lucid Air production cut deflates company's valuation by billion*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 503 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 503.

504. To the extent Paragraph 504 derives from statements contained within a March 1, 2022, CNBC Squawk Box news segment, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 504 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 504.

505. To the extent Paragraph 505 derives from statements contained within a March 1, 2022, Autoweek article entitled, *Here's Why Lucid Just Cut Its 2022 Production Plans*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 505 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 505.

506. To the extent Paragraph 506 derives from statements contained within a March 5, 2022, Motley Fool article entitled, *Lucid Cuts 2022 Production Guidance. Time to Sell?*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 506 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 506.

507. To the extent Paragraph 507 derives from statements contained within a March 5, 2022, Motley Fool article entitled, *Lucid Cuts 2022 Production Guidance. Time to Sell?*, those

statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 507 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 507.

508. To the extent Paragraph 508 derives from statements contained within a March 5, 2022, Motley Fool article entitled, *Lucid Cuts 2022 Production Guidance. Time to Sell?*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 508 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 508.

B. **August 3, 2022**

509. Paragraph 509 contains Plaintiffs' legal argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

510. To the extent Paragraph 510 derives from Lucid's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 510 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 510.

511. To the extent Paragraph 511 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 511 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 511.

512. Defendants deny the allegations in the first sentence of Paragraph 512. To the extent Paragraph 512 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 512 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 512.

513. To the extent Paragraph 513 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 513 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 513.

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

514. To the extent Paragraph 514 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 514 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 514.

515. Defendants deny the allegations in the first sentence of Paragraph 515. To the extent Paragraph 515 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 515 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 515.

516. To the extent Paragraph 516 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 516 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 516.

517. To the extent Paragraph 517 derives from Defendants' public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 517 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 517.

518. Defendants admit that on August 3, 2022, Lucid's stock price closed at $20.56 per share and on August 4, 2022, it closed at $18.56. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 518.

519. To the extent Paragraph 519 derives from statements contained within unidentified CFRA and/or BofA analyst reports, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 519 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 519.

520. To the extent Paragraph 520 derives from statements contained within an August 4, 2022, BNP Paribas analyst report entitled, *Learning Curve in Logistics,* those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 520 accurately and/or

completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 520.

521. To the extent Paragraph 521 derives from statements contained within an August 11, 2022, Guggenheim analyst report, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 521 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 521.

522. To the extent Paragraph 522 derives from statements contained within an August 3, 2022, New York Times article, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 522 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 522.

523. To the extent Paragraph 523 derives from statements contained within an August 3, 2022, New York Times article, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 523 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 523.

524. To the extent Paragraph 524 derives from statements contained within an August 3, 2022, The Verge article entitled, *Lucid Motors will barely make any EVs this year as it slashes production goals again / The company now expects to make 7,000 vehicles at most this year*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 524 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 524.

525. To the extent Paragraph 525 derives from statements contained within an August 3, 2022, Engadget article entitled, *Lucid Motors has drastically reduced its production target, again. The company says it only will deliver a fraction of the 20,000 cars it originally promised for 2022*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 525 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 525.

526. To the extent Paragraph 526 derives from statements contained within an August 3, 2022 Financial Times article, those statements speak for themselves. Defendants otherwise deny

that the allegations in Paragraph 526 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 526.

527. To the extent Paragraph 527 derives from statements contained within an August 3, 2022 MarketWatch article entitled, *Lucid stock plunges after electric-vehicle maker cuts production guidance for the year*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 527 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 527.

528. To the extent Paragraph 528 derives from statements contained within an August 3, 2022 CNBC article entitled, *EV maker Lucid again cuts production targets as logistics challenges cripple output*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 528 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 528.

529. To the extent Paragraph 529 derives from statements contained within an August 3, 2022 CNBC article entitled, *EV maker Lucid again cuts production targets as logistics challenges cripple output*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 529 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 529.

530. To the extent Paragraph 530 derives from statements contained within an August 4, 2022 Electrek article entitled, *Lucid (LCID) crashes as it slashes 2022 production guidance and burns through $800M*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 530 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 530.

531. To the extent Paragraph 531 derives from statements contained within an August 4, 2022 Electrek article entitled, *Lucid (LCID) crashes as it slashes 2022 production guidance and burns through $800M*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 531 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 531.

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

532.   To the extent Paragraph 532 derives from statements contained within an August 4, 2022 Electrek article entitled, *Lucid (LCID) crashes as it slashes 2022 production guidance and burns through $800M*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 532 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 532.

533.   To the extent Paragraph 533 derives from statements contained within an August 4, 2022, CNN Business article entitled, *Lucid shares plunge as it cuts production target in half*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 533 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 533.

534.   To the extent Paragraph 534 derives from statements contained within an August 10, 2022, Seeking Alpha article entitled, *Lucid Motors' Abysmal Q2 Raises Even More Questions*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 534 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 534.

535.   To the extent Paragraph 535 derives from statements contained within an August 10, 2022, Seeking Alpha article entitled, *Lucid Motors' Abysmal Q2 Raises Even More Questions*, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 535 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 535.

536.   To the extent Paragraph 536 derives from statements contained within an August 12, 2022, Business Insider article, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 536 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 536.

537.   To the extent Paragraph 537 derives from statements contained within an August 12, 2022, Business Insider article, those statements speak for themselves. Defendants otherwise deny that the allegations in Paragraph 537 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 537.

## IX.    CLASS ACTION ALLEGATIONS

538.    In response to Paragraph 538, Defendants deny that this action can be maintained as a class action under Federal Rules of Civil Procedures 23(a) and 23(b)(3).

539.    Paragraph 539 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants admit that throughout the alleged class period, Lucid shares were publicly traded on the NASDAQ. Except as expressly admitted herein, Defendants deny each and every remaining allegation in Paragraph 539.

540.    Paragraph 540 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

541.    Paragraph 541 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

542.    Paragraph 542 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

543.    Paragraph 543 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

## X.    A PRESUMPTION OF RELIANCE APPLIES

544.    Paragraph 544 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

545.    Paragraph 545 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

546.    Paragraph 546 asserts legal conclusions and argument to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

## XI.    THE STATUTORY SAFE HARBOR AND BESPEAKS CAUTION DOCTRINE DO NOT APPLY

547.    Paragraph 547 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

548.    Paragraph 548 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

549.    Paragraph 549 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

## XII.    CAUSES OF ACTION

### COUNT I

**Violation Of Section 10(b) Of The Exchange Act And SEC Rule 10b-5 Promulgated Thereunder Against Defendants Lucid And Rawlinson**

550.    In response to Paragraph 550, Defendants incorporate by reference and re-allege their answers to each and every allegation set forth above as if fully set forth herein.

551.    Defendants admit that Plaintiffs purport to bring this count under Section 10(b) of the Securities Exchange Act of 1934, but Defendants deny that Plaintiffs have met the requirements necessary to do so. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 551.

552.    Defendants deny each and every allegation in Paragraph 552.

553.    Defendants deny each and every allegation in Paragraph 553.

554.    Defendants deny each and every allegation in Paragraph 554.

555.    Defendants deny each and every allegation in Paragraph 555.

556.    Defendants deny each and every allegation in Paragraph 556.

557.    Defendants deny each and every allegation in Paragraph 557.

558.    Defendants deny each and every allegation in Paragraph 558.

### COUNT II

**Violation Of Section 20(a) Of The Exchange Act Against Defendant Rawlinson**

559.    In response to Paragraph 559, Defendants incorporate by reference and re-allege their answers to each and every allegation set forth above as if fully set forth herein.

560.    Defendants admit that Plaintiffs purport to bring this action under Section 20(a) of the Securities Exchange Act of 1934, but Defendants deny that Plaintiffs have met the requirements necessary to do so. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 560.

561.   Defendants deny each and every allegation in Paragraph 561.

562.   Defendants deny each and every allegation in Paragraph 562.

563.   Defendants deny each and every allegation in Paragraph 563.

564.   Defendants deny each and every allegation in Paragraph 564.

565.   Defendants deny each and every allegation in Paragraph 565.

## XIII.   PRAYER FOR RELIEF

The section entitled "Prayer for Relief" is Plaintiffs' statement of requested relief, to which no response is required; to the extent a response is required, Defendants deny the allegations therein, including but not limited to denying that Plaintiffs are entitled to judgment and that Plaintiffs are entitled to any relief whatsoever.

## XIV.   DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury. The paragraph in the section entitled "Jury Demand" is Plaintiffs' demand for a jury trial, to which no response is required.

## XV.   AFFIRMATIVE DEFENSES

With respect to separate affirmative defenses to the causes of action in the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

1.   The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which the requested relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Justification)

2.   The Complaint, and each and every cause of action alleged therein, is barred because Defendants were justified in doing any and/or all of the acts alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

3.     If it should be determined that Plaintiffs have been damaged, then Defendants are informed and believe, and based thereon allege, that said damage was proximately caused by the conduct of others for which Defendants were not and are not responsible.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith Projections)

4.     The Complaint, and each and every cause of action alleged therein, is barred to the extent Plaintiffs' allegations are based on alleged projections, forecasts, or predictions of future events or results. Such projections, forecasts or predictions were not false when made, were made in good faith, and had a reasonable basis when made.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith Basis)

5.     The Complaint, and each and every cause of action alleged therein, is barred because Defendants' alleged misstatements were made in good faith and with genuine belief and had a reasonable and factual historical basis.

## SIXTH AFFIRMATIVE DEFENSE

### (Standing)

6.     The Complaint, and each and every cause of action alleged therein, is barred by Plaintiffs' lack of standing pursuant to Federal Rule of Civil Procedure 23.1.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.     The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

8.     The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9.     The Complaint, and each and every cause of action alleged therein, is barred because Plaintiffs have failed, and continue to fail, to act reasonably to mitigate the damages alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

10.     The Complaint, and each and every cause of action alleged therein, is barred because the alleged statements or acts by Defendants were not the proximate cause of any loss suffered by Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Privilege)

11.     The Complaint, and each and every cause of action alleged therein, is barred because Defendants' acts were privileged.

## TWELFTH AFFIRMATIVE DEFENSE

### (15 U.S.C. § 78u-4(e))

12.     If it should be determined that Plaintiffs have been damaged, then the damages that Plaintiff seeks are limited by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Truth)

13.     The Complaint, and each and every cause of action alleged therein, is barred by virtue of the truth of Defendants' assertions.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

14.     The Complaint, and each and every cause of action alleged therein, is barred because Plaintiffs were expressly advised in statements made to them, including in documents and otherwise,

regarding the material facts concerning his investment. Plaintiffs therefore assumed the risk of any loss and are estopped from recovering any relief.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Available Information)

15.     The Complaint, and each and every cause of action alleged therein, is barred because the allegedly misleading statements, if any, were rebutted by contrary information (including both public and non-public information) received by or that was otherwise available to Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Loss Causation)

16.     The Complaint, and each and every cause of action alleged therein, is barred because the damages that Plaintiffs seek were not caused by any statement, omission, or other action by any Defendant, and therefore Plaintiffs cannot establish loss causation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Scienter)

17.     The Complaint, and each and every cause of action alleged therein, is barred because Defendants did not have scienter with respect to any allegedly untrue statement of material fact, omission of material fact, misleading statement, or other challenged statement with respect to which the liability of Defendants is asserted.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Plead a Material Misrepresentation or Omission)

18.     Plaintiffs' claims are barred, in whole or in part, because Defendants did not make any material misrepresentations or omissions.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Class Action)

19.     The Complaint, and each and every cause of action alleged therein, is barred because this action is not maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Section 20(a) Lack of Primary Liability)**

20.     As to the Defendants against whom control person liability is alleged pursuant to Section 20(a) of the Securities Exchange Act of 1934, such liability is barred because Plaintiffs cannot establish the primary liability necessary to assert a control person liability claim.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Section 20(a) Failure to Control)**

21.     As to the Defendants against whom control person liability is alleged pursuant to Section 20(a) of the Securities Exchange Act of 1934, such liability is barred because Defendants did not directly or indirectly control Lucid or any other individual that Plaintiffs allege is a primary violator.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Forward-Looking Statements)**

22.     The Complaint, and each and every cause of action alleged therein, is barred to the extent Plaintiffs allegations are based on alleged projections, forecasts, or predictions of future events or results, because such projections, forecasts, or predictions were identified as forward-looking statements and accompanied by meaningful cautionary language, including in Defendants' public filings with the SEC and as referenced or incorporated during investor conference calls, that identified factors that could cause actual results to differ materially from those in the forward-looking statements; were immaterial; or were not made with actual knowledge that the statements were false or misleading when made. All such statements fall within the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 78u-5(c).

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Lack of Reliance/Price Impact)**

23.     Plaintiffs cannot recover for the claims alleged in the Complaint because the allegedly actionable misrepresentations or omissions did not affect Lucid's stock price, thus severing the link between the alleged misstatements or omissions and the price received (or paid)

by the putative class of plaintiffs and rebutting the presumption of reliance under *Basic Inc. v. Levinson*, 485 U.S. 224 (1988).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Additional Affirmative Defenses)

24.    Defendants expressly reserve the right to amend or supplement their Answer, defenses, and all other pleadings as permitted by law. Defendants further reserve the right to assert any and all additional defenses under any applicable law in the event that discovery indicates such defenses would be appropriate, and to assert any crossclaims, counterclaims, and/or third-party claims.

## XVI.    DEFENDANTS' PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray that this Court enter judgment as follows:

A.    That Plaintiffs take nothing by their Complaint;

B.    For costs, attorneys' fees, and expert witness fees;

C.    For judgment in favor of Defendants; and

D.    For such other and further relief as this Court deems just and proper.

## XVII.    DEFENDANTS' DEMAND FOR JURY TRIAL

Defendants demand a trial by jury.

ANSWER TO AMENDED CONSOLIDATED COMPLAINT

Dated:  July 25, 2025

Respectfully submitted,

**QUINN EMANUEL URQUHART & SULLIVAN LLP**

*s/ Michael E. Liftik*
Michael E. Liftik (SBN 232430)
michaelliftik@quinnemanuel.com
Kurt E. Wolfe (admitted *pro hac vice*)
kurtwolfe@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8100

Ryan P. Gorman (admitted *pro hac vice*)
ryangorman@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Tel: (617) 712-7100

*Counsel for Defendants Lucid Group, Inc. and Peter Rawlinson*

-92-   Case No. 3:22-cv-02094-AMO

ANSWER TO AMENDED CONSOLIDATED COMPLAINT