# EXHIBIT 30
# PUBLIC REDACTED VERSION

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Shon Morgan (SBN 187736)
865 Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:  (213) 443-3000
shonmorgan@quinnemanuel.com

Kurt E. Wolfe (admitted *pro hac vice*)
kurtwolfe@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8100

Ryan P. Gorman (admitted *pro hac vice*)
ryangorman@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Tel: (617) 712-7100

*Counsel for Defendant Lucid Group, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| In re Lucid Group, Inc. Securities Litigation | Case No. 3:22-cv-02094-AMO |
|---|---|
| This Document Relates to: All Actions | CLASS ACTION |
| | **DEFENDANT LUCID GROUP, INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES 4-6** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), Defendant Lucid Group, Inc. ("Lucid" or "Defendant"), by and through its undersigned counsel, hereby responds and objects to Interrogatories 4-6 served by Lead Plaintiff in the above-captioned action ("Action").[1]

Lucid's responses, and the information provided therein, are not intended, and shall not be construed as, an admission that any factual predicates stated or implied in the Interrogatories are accurate. In responding to the Interrogatories, Defendant does not admit the correctness of any allegation or assertion. Lucid expressly provides these responses without prejudice, and expressly reserves the right, to assert additional objections to the Interrogatories as appropriate and to supplement, modify, or otherwise change or amend these objections and responses in light of any additional information that emerges through discovery, case developments, or otherwise.

## GENERAL OBJECTIONS

1. Lucid objects to the Interrogatories, including definitions and instructions referenced therein, subject to the General Objections set forth in this section. Failure to refer to a General Objection in a Specific Response and Objection cannot be construed as a waiver of any General Objection.

2. Lucid objects to each and every Interrogatory on the ground and to the extent they are improperly compound and contain multiple unrelated, separate, and distinct subparts. *See generally Adobe Sys. v. Wowza Media Sys.*, 2012 U.S. Dist. LEXIS 103988 (N.D. Cal. July 25, 2012); *AngioScore, Inc. v. TriReme Med., Inc.*, 2014 WL 7188779, at *6 (N.D. Cal. Dec. 16, 2014) ("[I]nterrogatories which contain multiple subparts, i.e., those which 'introduce a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it' are generally construed as separate interrogatories.") (alteration omitted); *Collaboration Props. v. Polycom, Inc.*, 224 F.R.D. 473, 475 (N.D. Cal. 2004) ("a party cannot avoid the numerical limits by asking questions about distinct subjects, but numbering the questions as subparts.") (quoting 7-33 Moore's Fed. Prac. Civ. § 33.30[2]) (emphasis in original); *Grateful Dead Prods. v. Sagan*, 2007 WL 3037549, at *4 (N.D. Cal. Oct. 17, 2007. Lucid reserves its right to contend that each subpart of each Interrogatory should be separately counted against

---

[1] Interrogatory 4 was included in Plaintiff's First Set of Interrogatories to Lucid, served November 26, 2025. Interrogatories 5-6 were included in Plaintiff's Second Set of Interrogatories to Lucid, served December 19, 2025.

the number of interrogatories permitted by the Federal Rules of Civil Procedure.

3.      Lucid objects to the Interrogatories on the ground and to the extent that they seek information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other claim of privilege.

4.      Lucid objects to the Interrogatories on the grounds and to the extent they require Lucid to provide information beyond what can be obtained by a reasonably diligent investigation.

5.      Lucid objects to the Interrogatories on the grounds and to the extent they comprise improper contention interrogatories that are premature at this stage of discovery.

6.      Lucid objects to the Interrogatories on the grounds and to the extent they seek information not in the possession, custody, or control of Lucid.

7.      Lucid objects to the Interrogatories on the grounds and to the extent they seek information that is publicly available, is already in Lead Plaintiff's possession or has already been provided to Lead Plaintiff, or to which Lead Plaintiff has equal or greater access.

8.      Lucid objects to the Interrogatories on the ground and to the extent that they seek information not relevant to any claim or defense asserted in the action, not proportional to the needs of the case, or that is otherwise beyond the scope of permissible discovery or for which the burden outweighs any limited relevance.

9.      Lucid objects to the Interrogatories on the ground and to the extent that they are overbroad, unduly burdensome, duplicative of other discovery, compound, complex, vague or ambiguous, and/or seek information that is not the subject of Lead Plaintiff's Complaint, and/or that is equally or exclusively available to Lead Plaintiff or a third party.

10.     Lucid objects to any implication and to any explicit or implicit characterization of the facts, events, circumstances, or issues contained in each Definition, Instruction, and Interrogatory.  Lucid's responses do not indicate that any implication or any explicit or implicit characterization of facts, events, circumstances, or issues in a Definition, Instruction, or Interrogatory is accurate or is relevant to this Action, or that Lucid agrees with any such implication or characterization.

11.     Lucid's responses are given without prejudice to their right to produce or rely on subsequently discovered information, facts, or documents.  Lucid accordingly reserves its right to produce

or rely on subsequently discovered documents as additional facts are ascertained. Lucid's discovery and investigation in this matter are ongoing, and Lucid reserves the right to supplement or amend its responses pursuant to Federal Rule of Civil Procedure 26(e) with additional information as their investigation continues and discovery progresses. Lucid's responses should not be interpreted as limiting, in any way, Lucid's trial preparation, the evidence Lucid may seek to admit, or any argument or evidence that Lucid may rely on in connection with any motion, hearing, or trial.

## OBJECTIONS TO DEFINITIONS

1.    Lucid objects to the definition of "You," "Your," and "Lucid" on the ground and to the extent it purports to include "all present and former directors, officers, trustees, employees, attorneys, agents, managers, representatives, or any Person(s) acting or purporting to act on behalf of [Lucid] or any organization or entity it manages or controls, is under common control with, or is controlled by" as well as "all [Lucid's] predecessors, successors, subsidiaries, parent companies, departments, divisions, operating segments, partnerships, joint ventures, and/or affiliates, jointly and independently." In responding to the Interrogatories, Lucid will interpret "You," "Your," and "Lucid" as used in the Interrogatories to refer to Lucid Group, Inc., and Lucid Group, Inc.'s directors, officers, and employees that are acting on its behalf.

2.    Lucid objects to the definition of "Person" as overbroad and unduly burdensome. The definition encompasses not only natural persons but also "proprietorships, government agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, and all other entities." In responding to the Interrogatories, Lucid will interpret "Person" to mean natural persons.

3.    Lucid objects to the definition of "2022 Vehicle Production Guidance" on the ground and to the extent it incorporates two separate announcements made on different dates—February 22, 2021 and November 15, 2021—and thereby improperly creates a compound definition that encompasses multiple distinct statements.

## OBJECTIONS TO INSTRUCTIONS

1.    Lucid objects to Instructions to the extent they purport to impose obligations or burdens beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California.

2.      Lucid objects to the extent the Instructions request that Lucid continue supplementing each Interrogatory response even after the close of the discovery period in the Action on the ground that it imposes an obligation beyond what is required under the Federal Rules of Civil Procedure.

**OBJECTIONS TO RELEVANT TIME PERIOD**

Lucid objects to Plaintiff's alleged relevant time period as overbroad, unduly burdensome, and disproportional to the needs of this Action, including because seeking discovery for such an expanded time period is not reasonably calculated to lead to the discovery of admissible evidence.  Unless otherwise indicated, Lucid will provide responsive information relating to the time period from September 1, 2021 through August 31, 2022 (the "Relevant Time Period").

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 4:**

Identify all methods and inputs You used in Formulating the public vehicle production guidance addressed in Interrogatory Nos. 1-3, including all data, data sources, assumptions, and mathematical formulas.

**RESPONSE TO INTERROGATORY NO. 4 (January 7, 2026):**

Lucid incorporates by reference its General Objections, Objections to Definitions, Objections to Instructions, and Objection to "Relevant Time Period" as if fully set forth herein.

Lucid objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and disproportional to the needs of this Action to the extent it seeks information regarding "all methods and inputs" used in formulating all iterations of the 2022 production guidance, along with "all data, data sources, assumptions, and mathematical formulas." These phrases are so broad as to encompass virtually any information related to vehicle manufacturing operations, strategic planning, operational procedures, business judgments, industry knowledge, formal reports, informal conversations, and decision-making processes across multiple departments and years.  Lucid further objects to this Interrogatory as vague and ambiguous as to "data," "data sources," "assumptions," and "mathematical formulas." The terms are insufficiently defined and could reasonably encompass matters spanning from executive strategic decisions to detailed operational particulars.

Lucid further objects that this Interrogatory provides no reasonable limitation on scope, time

period, or relevance, effectively requesting that Lucid catalog and describe every conceivable piece of information that may have been considered, directly or indirectly, in connection with the 2022 Vehicle Production Guidance. Responding to this Interrogatory as framed would require Lucid to expend disproportionate resources attempting to reconstruct decision-making processes and identify every data point, source, or assumption that could arguably fall within these undefined terms.

Lucid further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.

Lucid further objects to this Interrogatory to the extent it seeks information outside of Lucid's possession, custody, or control.

Lucid further objects to this Interrogatory on the grounds that it is unreasonably duplicative and cumulative and seeks information that may be obtained from other sources and through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, including information disclosed in Lucid's document productions.

Subject to and without waiving any of the foregoing objections, Lucid is willing to meet and confer with Lead Plaintiff concerning the scope of this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4 (March 13, 2026):**

Lucid incorporates by reference its General Objections, Objections to Definitions, Objections to Instructions, Objection to "Relevant Time Period," and Specific Objections to Interrogatory No. 4 as if fully set forth herein. As explained in those objections, this Interrogatory is facially overbroad, unduly burdensome, and disproportionate to the needs of this case, at least because it asks Lucid to identify "all methods and inputs" used in formulating the subject guidance without any limitation on the importance or materiality of those methods and inputs. On January 27, Lucid sought to confer in good faith with Plaintiff regarding the scope of this Interrogatory. *See* Gorman Feb. 4, 2026 Email. Plaintiff generally refused, instead demanding that Lucid "provide full answers to the extent not objectionable," before Plaintiff would discuss whether the parties could reach agreement on a narrower, appropriate scope. Hoey Feb. 12, 2026 Ltr. This is improper. *See, e.g., Sanchez Ritchie v. Energy*, 2015 WL 12914435, at *2 (S.D.

Cal. Mar. 30, 2015) (denying motion to compel where requesting party stands on an overly broad request and does not make a reasonable attempt to narrow it or to explain the need for such a broad range of documents and/or information," noting that a responding party need not provide a partial response "when inadequate guidance exists to determine the proper scope of the" discovery request).  Not every "method and input" related to formulating the guidance at issue—regardless of the purpose of the method or importance and materiality of the input—is relevant to this case.  Lead Plaintiff has brought securities fraud claims—the relevant issues in this case are whether Mr. Rawlinson knew that the alleged statements at issue were false or misleading at the time he made them, and whether he acted with an intent to deceive, manipulate, or defraud, or with deliberate recklessness.  *See* Dkt. 103 at 32.  To the extent Lead Plaintiff is seeking to conduct a wholesale audit of Lucid's internal vehicle projections, such discovery is not relevant or proportional to the needs of this case.  Lucid reiterates that this Interrogatory is compound, at least because it seeks discrete information for three different sets of production guidance and refers back to three distinct interrogatories.  Lucid's good-faith attempt to provide Plaintiff with additional information responsive to this Interrogatory, despite Plaintiff's refusal to provide adequate guidance to determine the proper scope of this request, shall not be construed as an admission that discovery into any particular methods or inputs is relevant or proportional to the needs of this case.

Without waiving its objections, and in the interest of compromise, Lucid responds as follows: Lucid's 2022 Vehicle Production Guidance—and each subsequent revision—was the product of a cross-functional process involving, among others, senior executives across engineering, manufacturing, program management, global operations, quality, sales, and finance, including the individuals identified in Lucid's responses to Interrogatories 1–3, who contributed both quantitative inputs and qualitative assessments to arrive at a shared view of projected production volumes.  Drawing on their collective experience at incumbent automakers, those executives' business judgments were informed by and reflected in an internal tool known as the "ramp curve" (sometimes called the "build plan" or "production

plan")—a mathematical formula that projects vehicles produced over a defined period based on how daily output capacity increases over time. Rather than a simple vehicles-per-day multiplied by days formula, the ramp curve accounts for the fact that production capacity increases as the manufacturing process matures, and bases its projections on the then-slowest production line when different manufacturing processes are running at different speeds.

At the time of the November 2021 statements at issue, Lucid's internal ramp curves indicated that Lucid would produce over 20,000 Air vehicles in 2022. *See, e.g.*, LUCIDGROUP0075102; LUCIDGROUP0075103 (projecting 23,623–24,668 vehicles for 2022); LUCIDGROUP0075104 (projecting 25,019 vehicles for 2022). An exemplary snapshot of the ramp curve as of November 9, 2021 follows:

The First Revision, announced February 28, 2022, reduced the 2022 production target from 20,000 vehicles to 12,000–14,000 vehicles.  It was the product of conversations among at least the individuals identified in Lucid's response to Interrogatory 2, informed by revised ramp curves and driven primarily by supply chain constraints that had materialized since November 2021.  The range reflected different assumptions about how quickly supply constraints would subside and how many manufacturing shifts Lucid would devote to production.  *See, e.g.*, LUCIDGROUP0022798; LUCIDGROUP0022800; LUCIDGROUP0022801.

The Second Revision, announced August 3, 2022, further reduced the target to 6,000–7,000 vehicles.  It was the product of conversations among at least the individuals identified in Lucid's response to Interrogatory 3, informed by revised ramp curves.  As supply chain constraints subsided following the First Revision, the volume of parts requiring transport from Lucid's Logistics Operations Center to its manufacturing facility increased, and it became apparent that logistical constraints would limit Lucid's ability to ramp up production.  *See, e.g.*, LUCIDGROUP0048638; LUCIDGROUP0048640.

Lucid reserves all rights and waives none.

**INTERROGATORY NO. 5:**

Identify each forecast, budget, estimate, or projection of the number of Air vehicles that Lucid would produce in 2022 (or any portion thereof) that Lucid created, commissioned, or used, and for each such forecast, budget, estimate, or projection identify:

(i) the name by which the forecast, budget, estimate, or projection was referred to internally;

(ii) how often the forecast, budget, estimate, or projection was created (e.g., once, daily, weekly, monthly, annually, or any other frequency or interval); and

(iii) the name, job title, and department of all Persons involved in creating and/or approving the forecast, budget, estimate, or projection.

**RESPONSE TO INTERROGATORY NO. 5 (January 20, 2026):**

Lucid incorporates by reference its General Objections, Objections to Definitions, Objections to Instructions, and Objection to "Relevant Time Period" as if fully set forth herein.

DATED: March 13, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Kurt E. Wolfe*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Shon Morgan (SBN 187736)
865 Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
shonmorgan@quinnemanuel.com

Kurt E. Wolfe (admitted *pro hac vice*)
kurtwolfe@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8100

Ryan P. Gorman (admitted *pro hac vice*)
ryangorman@quinnemanuel.com
111 Huntington Ave, Suite 520
Boston, MA 02199
Tel: (617) 712-7100

*Counsel for Defendant Lucid Group, Inc.*

Case No. 3:22-cv-02094-AMO
LUCID'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORIES

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2026, a copy of **DEFENDANT LUCID GROUP, INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES NOS. 4-6** was served via electronic mail to counsel for Lead Plaintiff.

DATED: March 13, 2026                    QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP


                                         By  */s/ Ryan P. Gorman*
                                             Ryan P. Gorman

**VERIFICATION**

I, Adrian Price, declare:

I am authorized to make this verification for and on behalf of Defendant Lucid. I have reviewed the document titled "**DEFENDANT LUCID GROUP, INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES NOS. 4-6**." I have personal knowledge of some, but not all, of the facts stated therein. The Responses contain information based on the composite knowledge of Lucid based on a reasonable investigation, and I hereby acknowledge that, based on my personal knowledge, Lucid's knowledge, and Lucid's counsel's knowledge, the facts stated in the Responses are true and correct.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this _____12_____th day of March, 2026 in Arizona.

_____
Adrian D. Price (Mar 12, 2026 12:52:37 PDT)
Adrian Price

Case No. 3:22-cv-02094-AMO